Lansing.
3L 148
53ad 60

THE PEOPLE ex rel. THE ADDISON AND ELKLAND PLANK-ROAD
COMPANY v. SIMEON FREEMAN and others, Assessors.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1870.)

A common law *certiorari* lies to review the determination of a county
judge, upon a question of the assessment under section 5, Laws of 1855,
chapter 546, of the property of a plank-road company, although by that
section his determination is made final.

The statute (section 5 id.) exempts property belonging to any plank or
turnpike road company from assessment and taxation "until the surplus
annual receipts of tolls on their respective roads over necessary repairs,
and a suitable reserve fund for repairs and relaying of plank, shall exceed
seven per cent per annum, on the first cost of such road."—*Held*, that the
exemption extends only to the property and cost of such road as the cor-
poration has and operates at the time of the assessment.

Accordingly where the relator constructed and operated a plank-road, but
afterward abandoned a portion of it under the statute (Laws 1854, 167,
§ 1), it was held that the first cost of the portion of the road retained,
and not of the whole original road, was to be estimated in determining
whether the property of the company was assessable.

THIS was a certiorari to the county judge of Steuben
county to review his determination upon an appeal by the
relator from the decision of the defendants as assessors of the
town of Tuscarora, in said county.

It appeared by the return, that the relator was duly incor-
porated under the general plank-road act, prior to the year
1858, and pursuant to its charter had constructed a plank-road
from the village of Addison, through the towns of Addison
and Tuscarora in Steuben county, a distance of some ten
miles, at a cost of $21,000, and had maintained and collected
tolls for the whole road, until sometime in 1858, when, pur-
suant to the statute in such case provided (Laws 1854, 167,
§ 1), it abandoned the southerly seven miles of its road; and
after that retained and used the remaining three miles only.
Its surplus annual receipts for tolls, above repairs, were never
equal to seven per cent upon the cost of the original road; but
during the year preceding the assessment, they had exceeded
seven per cent upon the cost of the portion of the road then

in use, over necessary repairs; and it had no reserve fund laid aside, as permitted by law (Laws 1855, chap. 546, § 5). The assessors made an assessment of the property of the road for that year, which was confirmed by the county judge.

*George T. Spencer,* for the appellant.

*A. S. McKay,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   It is objected by the defendant's counsel to the writ of certiorari in this case, that the statute makes the decision of the county judge on the appeal to him "final" (Session Laws of 1855, chapter 546, § 5), and that it cannot be reviewed in this way.   But this is not a valid objection.   It has uniformly been held that a common law certiorari will lie to review the determination of inferior tribunals, even where the statute declares their decisions final, unless the right of review is taken away in express terms.   (*Lawton* v. *Commissioners of Cambridge,* 2 Cai., 179; *Le Roy* v. *Mayor, &c., of N. Y.,* 20 Johns., 430; *Ex parte Mayor, &c., of Albany,* 23 Wend., 277, 287.)   The writ lies in such cases for the purpose of ascertaining whether the inferior jurisdiction has kept within the power conferred upon it.   The only question here, is, whether the assessors had the power or right to assess the relators upon the facts which are made to appear.   In other words, whether the corporate property, in view of all the facts, was exempt by law from assessment and taxation for any and every purpose. Of course, the defendants had jurisdiction of the subject-matter, and of the body or person of the corporation for the purpose of making the assessment, but they must keep within the law, and could not make a valid assessment if the property was exempt by statute.

Here the corporation had abandoned the greater portion of the road which it built and formerly owned, and the portion

so abandoned has become public property the same as though the corporation had never had any title to it or interest in it. The statute before referred to (section 5) exempts such property from assessment and taxation " until the surplus annual receipts of tolls, over necessary repairs, and a suitable reserve fund for repairs, and relaying of plank, shall exceed seven per cent per annum on the first cost of such road." This, we think, refers to the road the corporation has, and operates, at the time the assessment is made, and to the cost of that road, and not to some other road which the corporation may have had at another time, nor to some portion of what was formerly part of the same road, but which has been abandoned to the public. The question is, what are the annual surplus receipts of tolls of the road the corporation then has and owns, and what was its first cost? It is shown what the first cost was per mile, and what the surplus annual receipts were at the time of the assessment. This takes the case out of the exemption, and renders the property liable to assessment and taxation. It does not appear, it is true, that the corporation has any surplus fund. But that does not affect the question of exemption. For aught that appears, it might have had such fund; and if it had had it, then the surplus annual receipts of tolls should have exceeded seven per cent over that in addition to the first cost, and other expenses mentioned. But the corporation cannot continue the exemption by omitting to lay by a reserve fund. We are, accordingly, of the opinion, that the assessors kept within the statute, and that the county judge decided the case properly on the appeal to him.

The decision is, therefore, affirmed with costs against the relators.

Decision affirmed.