John Copcutt, Respondent, *v.* The City of Yonkers, Appellant.

*Opening of a city street — a failure to designate one of two maps renders the proceedings fatally defective — fixing of an assessment district, necessary — remedy in equity.*

A resolution adopted by the common council of a city, directing the laying out and opening of a street, is fatally defective if it fails to specify according to which of two plans and descriptions, then on file in the city clerk's office, the street is to be laid out, and such defect cannot be obviated by the action of the city clerk in thereafter attaching to the resolution a map not before the common council at the time of its action, nor by the parol evidence of the aldermen as to what map they had in mind.

The fixing of an assessment district is as much a part of the assessment proceedings in the matter of the opening of a street in a city as the action of the assessors in apportioning the expense on the various pieces of land within the assessment district; and where the assessors adopt an erroneous rule in apportioning such expense, and fail to assess lands properly liable to assessment, the assessment is void. As such defect will not appear on the face of the proceeding, an action in equity will lie to restrain the creation of a cloud on the title of a person interested in land affected thereby.

The same rule applies where the common council of a city, in making its determination as to the assessment district, does not proceed according to law.

Appeal by the defendant, The City of Yonkers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 5th day of May, 1894, upon the decision of the court rendered after a trial at the Westchester Special Term restraining the defendant from taking any action in laying out a street through certain land owned by the plaintiff, and adjudging void, and setting aside a certain act, ordinance, by-law, preamble and resolution and proceeding, passed, allowed and adopted by the common council of the city of Yonkers.

*James M. Hunt,* for the appellant.

*R. E. & A. J. Prime & Burns,* for the respondent.

Cullen, J.:

This is an appeal from a judgment of the Special Term enjoining the defendant from laying out and opening a street through a tract

of land owned by the plaintiff, and from fixing a district of assess-ment for such improvement.

We agree with the Special Term that the resolution adopted by the common council directing the improvement is fatally defective in failing to specify according to which of the two plans and descrip-tions then on file in the city clerk's office the street is to be laid out. This defect could not be obviated by the action of the city clerk in thereafter attaching to the resolution a map not before the common council at the time of its action, nor by the parol evidence of the aldermen as to what map they had in mind. The case in this respect wholly differs from that of *Lyth* v. *City of Buffalo* (48 Hun, 175). But granting this proposition, such defect did not justify the inter-ference of a court of equity. (*Mooers* v. *Smedley*, 6 Johns. Ch. 28 ; *Mayor* v. *Meserole*, 26 Wend. 132 ; *Guest* v. *City of Brooklyn*, 69 N. Y. 506.) The remedy must be had at law, and the objection can be raised in any legal proceedings taken to open a street.

But the objection to the district of assessment presents a different question — a question not free from doubt. It appears that some time past the city constructed a sewer through plaintiff's land, and that the easement for such purpose was obtained by condemnation, the plaintiff being paid $10,000. The new street is laid out over the line of the sewer. By defendant's charter (Chap. 184, § 2, title 7, Laws of 1881) the expense of improvements of this character " shall be assessed and be a lien upon the property benefited thereby in proportion to such benefit." By section 4, same title, the common council is required, at the time of ordering any improvement, to fix a district of assessment for the expense of the improvement. The district fixed in this instance is confined wholly to plaintiff's land, excluding from it some land that under any practice that has come before us would form part of an assessment district. The improve-ment was ordered, not on the petition of the property owners, but by a unanimous vote of the aldermen under a provision of a charter authorizing such action. On the trial of this action it was proved by the evidence of the aldermen, and the trial court so found, that the fact of the previous award was stated at the meeting of the com-mon council, and by the direct admission of some of the aldermen themselves that the action of the board in fixing the assessment district was based upon the ground that the plaintiff had already been paid

enough for his land, and that, hence, the assessment should be wholly imposed upon him. That this action of the common council proceeded from improper considerations is unquestionable. What award the plaintiff should receive for the additional easement was, under the Constitution, to be determined by commissioners or a jury. Under the statute the assessment was to be levied according to benefit. The fixing a district of assessment is as much a part of the assessment proceedings as the action of the assessors in apportioning the expense on the various lands within the assessment district. Where the assessors adopt an erroneous rule in apportioning such expense, and fail to assess lands properly liable to assessment, the assessment is void, and as such defect will not appear on the face of the proceeding an action in equity would lie to restrain the creation of a cloud on plaintiff's title. (*Clark* v. *Village of Dunkirk*, 12 Hun, 181; affd., 75 N. Y. 612.)

We do not see why the same rule should not apply in the case at bar. We assert no power in the courts to review the discretion of the common council, or a determination made by it in good faith under the powers conferred upon it by statute. But the power granted by the statute was to fix an assessment district according to benefits. This the common council has failed to do. It is very rarely that the fact that a common council in making its determination has not proceeded according to law can be proved. But when the fact is proven we think redress against such action may be obtained.

The judgment appealed from should be affirmed, with costs.

Brown, P. J., concurred; Dykman, J., not sitting.

Judgment affirmed, with costs.