PEOPLE ex rel. O'REILLY v. COMMON COUNCIL OF CITY OF KINGSTON.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

1. MUNICIPAL CORPORATIONS—SEWERS—ASSESSMENT—STATUTE CONSTRUED.
    Under Laws 1896, c. 747, § 147, giving the common council power to construct sewers, and determine the proportions to be paid by special assessments against the property "immediately benefited thereby," lots on a street which has no sewer cannot be assessed for the construction of a sewer on another street 351 feet distant, to which there is no access for more than half the distance, except through private property, since the lots sought to be assessed are not "immediately benefited" by the sewer, because the intervening private property precludes connection therewith.

2. MUNICIPAL CORPORATIONS—SEWER—REVIEW OF ASSESSMENT.
    Laws 1896, c. 747, § 147, enacting that the confirmation of a special sewer assessment by the common council, after opportunity for objection is given and none is made, "shall be final and conclusive," does not preclude a review to ascertain whether the inferior tribunal has not exceeded its jurisdiction with reference thereto.

Suit by the people, on relation of Cecelia B. O'Reilly, against the common council of the city of Kingston, to set aside special sewer assessment. Decree for relator.

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

John G. Van Etten, for relator.
Walter N. Gill, for respondent.

EDWARDS, J.  This is a proceeding to set aside an assessment against the property of the relator for the construction of a sewer in Brewster street, and in that part of Levan street lying between Brewster street and Staples street, in the city of Kingston.  The relator's lots on which the assessment was made front on Andrew street, which is the next street northwesterly of, and parallel with, Brewster street.  The distance from Andrew street through Levan street to its intersection with Brewster street, the nearest point at which connection could be made with these sewers, is 351 feet, and of this distance 182 feet from Andrew street through Levan street is private property, which has been used by the public for the period of about eight years.  There is no sewer or drain in Andrew street.

The question is, can lots on Andrew street, which has no sewer, be assessed for the expense of the construction of a sewer on another street, 351 feet distant, and to which there is no access for over one-half of this distance, except through private property?  The power of the respondent to make assessments for the construction of sewers is derived from its charter (Laws 1896, c. 747).  Section 147 provides that "the common council may also make and construct new cross-walks, drains, culverts and sewers, and in like manner determine the proportions to be paid by general tax and by special assessment against the property immediately benefited thereby."  It will be observed that the jurisdiction conferred is limited to the property to be immediately benefited thereby.  People v. City of Brooklyn, 23 Barb. 166.  The word "immediately," as here used, must be given its due significance.  The ordinary import of the word "immediately" is directly, or without any intervening time or space, and such must have been the intention of the legislature in the use of the word in this section.  The evident purpose was to restrict assessments for the construction of sewers to such property as can, upon the completion of the sewer, be connected with it; in other words, to restrict the burden of the expense to those to whom the benefits are immediately available.  If this is the correct construction, it is evident that the relator's lots are beyond the limits of rightful assessment.

The fact that the owner of the 182 feet between Andrew street and the part of Levan street owned by the city had permitted people generally to travel over it for eight years does not make it a highway or street, and, in order to construct a sewer through Levan street to Andrew street, it would be necessary for the city to acquire a right through this strip, either by voluntary conveyance of the owner, or through condemnation proceedings.  It may be said that in process of time the city will construct a sewer through Andrew street, and continue the one through Levan street, so as to furnish a connection for the relator's lots; but this is conjectural, and, if it should be done, the relator's lots would then, within the statute, be liable for an assessment.  However that may be, it is apparent that they are not "immediately benefited," and are not included in those which can be legally assessed.

The provision of the statute that the confirmation of an assessment "shall be final and conclusive" does not preclude a review to ascertain whether the inferior tribunal has kept within the power

conferred upon it by law.   People v. Freeman, 3 Lans. 148;   People v. Canal Board, 7 Lans. 220.   The conclusion reached on this question renders unnecessary the examination of any other.   The assessment against the relator's lots should be annulled, with costs. ·

Assessment against the relator annulled, with $50 costs and disbursements.   All concur.