CHARLES HARRIMAN and JOHN S. HAWLEY, Appellants, *v.* THE CITY OF YONKERS, Respondent.

*Common council of a city — review of its action in fixing an assessment district — the declaration, in a street opening proceeding that certain land will be benefited and in the street construction proceeding that it will not, is evidence of bad faith — right of one so assessed to have the assessment removed as a cloud upon his title.*

Where the members of the common council of a city have exercised, in good faith, the discretion conferred upon them by law, when fixing the district benefited by the opening and construction of a new street, the courts have no power to review such discretion; but where they have acted in bad faith, and have failed to fix the assessment district according to benefits, the courts may review their action.

Where the common council of the city of Yonkers, in fixing the district benefited by the *construction* of a street, exclude from such district two parcels of land which, in a previous proceeding for the *opening* of the street, they included within the district declared to be benefited, their action is illegal, and a person assessed for the construction of the street may maintain an action in equity to have his assessment removed as a cloud upon the title to his land.

APPEAL by the plaintiffs, Charles Harriman and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 24th day of June, 1902, upon the decision of the court, rendered after a trial at the Westchester Special Term, dismissing the plaintiffs' complaint upon the merits.

*James M. Hunt*, for the appellants.

*I. J. Beaudrias*, for the respondent.

WILLARD BARTLETT, J.:

The object of this action is to remove a cloud upon the title of certain real estate belonging to the plaintiffs in the city of Yonkers, arising out of an assessment for the construction of Harriman avenue.

Two proceedings in reference to Harriman avenue are involved in this litigation: *First*, the proceeding for opening the street, and, *secondly*, the proceeding for constructing and putting it into a suitable condition for public travel. In the opening proceeding they included two parcels of land having a frontage of 2,600 feet upon another street. In the construction proceeding they excluded both

of these parcels. The effect of this action was to relieve these two pieces of land from any assessment for benefits in the construction proceeding, although in the prior opening proceeding they had been included within the area declared to be benefited by the opening of the avenue.

The charter of the city of Yonkers provides that, when the common council shall determine to regulate or grade any street or highway, it may direct a curb to be set and a gutter to be made on each or either side thereof, and that the expense therefor shall be assessed upon the lots of land only that shall front upon the said street or highway. (Laws of 1895, chap. 635, tit. 7, § 19.) The plaintiffs' lot has been assessed $456.91 for the regulation and grading of Harriman avenue. Of this sum all but $64.91 is for the construction of curbs and gutters. It distinctly appears, however, that the lot thus assessed does not front upon Harriman avenue.

The learned judge at Special Term held that, in determining what portion of the city was benefited by the improvement the common council exercised a discretionary power which could not be interfered with in this action, inasmuch as it was not claimed or shown that they acted upon a wrong rule of law. As to the invalidity of the assessment for curbing and guttering, he conceded that the plaintiffs would be entitled to relief if the complaint had specifically raised that question, inasmuch as the lot assessed did not front on Harriman avenue; but the objection was held to be untenable under the pleadings.

Where the members of a common council have acted in good faith in the exercise of the discretion conferred upon them by law to fix the district benefited by the opening and construction of a new street, it is quite clear that courts possess no power to review such discretion. But it seems equally clear that, where they have acted in bad faith and have failed to fix the assessment district according to benefits, their action may be questioned in the courts. Such, at all events, is the rule which has been laid down in this department. It may be found clearly stated by Mr. Justice CULLEN in *Copcutt* v. *City of Yonkers* (83 Hun, 178), where that learned judge says: " We assert no power in the courts to review the discretion of the common council, or a determination made by it in good faith under the powers conferred upon it by statute.

But the power granted by the statute was to fix an assessment district according to benefits. This the common council has failed to do. It is very rarely that the fact, that a common council in making its determination has not proceeded according to law, can be proved. But when the fact is proven we think redress against such action may be obtained." It is to be noted that this opinion was concurred in by Mr. Justice BROWN, who was one of the members of the Second Division of the Court of Appeals during its whole existence; and I cannot find that the correctness of the decision has ever been questioned. Nothing in conflict with it is to be found in the cases cited by the learned justice who tried this action at the Special Term. Those decisions are simply authority for the proposition already stated, that, ordinarily, in the absence of bad faith or clear illegality, the courts will not interfere with the exercise of discretion by a common council in proceedings of this character.

Applying the doctrine of the *Copcutt* case to the undisputed facts established by the evidence in the case at bar, it is difficult to see how the action of the common council in reference to these plaintiffs' lands can be allowed to stand. After determining in the original proceeding for opening the street that certain lands would be benefited by the improvement, the same common council, in a subsequent proceeding to construct the street, determined that such lands would not be benefited, and excluded them from the area of assessment. In omitting, from the assessment for construction, lands which the common council had determined to be within the area which would share the benefits to be derived from the opening of the street, the common council failed to discharge the duty imposed upon it by the statute (Tit. 7, §§ 2, 16, as amd. by Laws of 1897, chap. 178) to fix the assessment district for construction according to benefits. This was the precise violation of law which was condemned in the *Copcutt* case; and it gives the plaintiffs the right to maintain an action in equity to restrain the creation of a cloud upon their title similar to that which would arise where assessors adopt an erroneous rule and fail to assess lands properly liable to assessment.

As to the assessment for curbing and guttering upon land not fronting on Harriman avenue, I am inclined to think that the com-

plaint was specific enough to authorize the court to grant the plaintiffs relief upon that ground, especially in view of the fact that testimony in regard to the frontage of the lot was introduced without any objection on the part of the defendant. However this may be, all uncertainty on that subject can be avoided by an amendment to the complaint before the new trial, which I think must be granted on account of the principal error already discussed.

The judgment should be reversed and a new trial granted, costs to abide the final award of costs.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.