CHARLES HARRIMAN et al., Respondents, *v.* THE CITY OF
YONKERS, Appellant.

1. STREETS — YONKERS (CITY OF) — ACTION OF COMMON COUNCIL IN
FIXING DISTRICT OF ASSESSMENT FOR OPENING NEW STREET AND IN
FIXING DISTRICT OF ASSESSMENT FOR GRADING AND CURBING SUCH
STREET — WHEN LATTER ASSESSMENT IS NOT ERRONEOUS BECAUSE NOT
CO-EXTENSIVE WITH FIRST DISTRICT.    Where the common council of a
city, in an ordinance opening a new street in accordance with the pro-
visions of the charter, fixed a district of assessment on which the cost
of opening was to be laid, and in a subsequent and independent proceed-
ing in which, with a differently constituted board, it directed the grading
and curbing of the street and fixed a district of assessment for that work,
which omitted two tracts of land included in the first, such omission does
not constitute bad faith and avoid the second assessment; since the
action of the common council which defined the second district could not
be concluded by the action of its predecessor which defined the limits of
the first, and the discrepancy in area between the two assessment districts
no more proves that the second district was too limited than that the
first was too extensive.

2. SAME — WHEN ASSESSMENT FOR CURBING NEW STREET IS INVALID
BECAUSE LAND ASSESSED DOES NOT FRONT ON SUCH STREET — CHARTER
OF CITY OF YONKERS (L. 1895, CH. 635, TIT. 7, § 19).    Where it
appears in an action to set aside, as a cloud upon plaintiff's title, an

assessment for the construction of a street in a city, that eighty-five per cent of such assessment was for grading and curbing a new street, and that no part of the land assessed fronted on that street, and it is provided by the charter of the city (Revised charter of the city of Yonkers, L. 1895, ch. 635, tit. 7, § 19) that the expense of setting curbs shall be assessed only upon lots of land that front on the street in proportion to their frontage, the assessment is invalid and illegal to that extent, and it is immaterial that such irregularity is not stated in the complaint where evidence of the facts showing such invalidity was admitted upon the trial without objection, and the point was taken in consideration by the trial court.

*Harriman* v. *City of Yonkers*, 82 App. Div. 408, affirmed.

(Argued January 18, 1905; decided February 21, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 19, 1903, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis A. Winslow* for appellant. In fixing the assessment district and thereby determining what portion of the city was deemed to be benefited by the improvement, the common council exercised a discretionary power, confided to them by the charter, which cannot be interfered with in this action unless they went upon a rule wrong in law. (*Elwood* v. *City of Rochester*, 43 Hun, 113; 122 N. Y. 236; *Kennedy* v. *City of Troy*, 77 N. Y. 493; *Hassen* v. *City of Rochester*, 65 N. Y. 519; 67 N. Y. 528; *Savage* v. *City of Buffalo*, 59 Hun, 606; *O'Reilly* v. *City of Kingston*, 114 N. Y. 448; *People* v. *Mayor, etc.*, 63 N. Y. 291; *Copcutt* v. *City of Yonkers*, 83 Hun, 178.) The question raised for the first time on appeal, namely, that the assessment complained of is composed largely of items of expense for curb and gutters on Harriman avenue, is not raised by the pleadings herein, was not urged at the trial, and ought not to prevail here. (*Stapenhorst* v. *Wolff*, 65 N. Y. 596; *Marks* v. *R. R. R. Co.*, 146

N. Y. 181; *Volkenning* v. *De Graaf*, 81 N. Y. 268; *Amherst College* v. *Ritch*, 151 N. Y. 282.)

*James M. Hunt* for respondents.    The arbitrary and absolutely unjustifiable action of the common council in excluding from the assessment district, established by it to bear the expense of regulating and grading Harriman avenue, land clearly and positively benefited by such proceedings, and declared by the same common council to be benefited by opening said avenue, vitiates the entire assessment. (*Vanderwater* v. *Long Island City*, 139 N. Y. 133; *Copcutt* v. *City of Yonkers*, 83 Hun, 178; *Gray* v. *B. H. R. R. Co.*, 72 App. Div. 454; *Hassen* v. *City of Rochester*, 67 N. Y. 528; *Matter of P. E. School*, 75 N. Y. 324; *Elwood* v. *City of Rochester*, 43 Hun, 102; 122 N. Y. 229; *MacLaury* v. *Hart*, 121 N. Y. 636; *Kennedy* v. *City of Troy*, 77 N. Y. 493.)    The assessment upon plaintiffs' property described in the complaint is composed largely of the expense for curb and gutters on Harriman avenue, and is invalid for that reason.    (L. 1895, ch. 635.)

CULLEN, Ch. J.    The action was brought to set aside, as a cloud upon the plaintiff's title, an assessment for the construction of Harriman avenue in the city of Yonkers.    When the common council of that city determined to open the avenue in accordance with the provisions of the charter, it fixed a district of assessment on which the cost of the opening was to be laid.    When it determined to improve the street by grading and laying curbs and gutters, it again fixed a district of assessment for that improvement.    The second district omitted two tracts of land included in the first.    Over a year elapsed between the resolution of the common council which directed the opening of the street and fixed the assessment district therefor and that which directed the grading and curbing of the street and fixed the assessment district for that work.    Under the charter one-half the number of the board of aldermen was elected each year, and the personnel of the

board, intermediate the adoption of the two resolutions referred to, had changed in two or three members. The plaintiff charged that this change in the assessment district was made in bad faith and avoided the assessment.

We think there was no evidence given sufficient to establish that charge. The two proceedings were entirely independent, and the charter required the common council in each case to fix a district of assessment. It is urged that, necessarily, the same property was benefited by the construction of the street as was by its opening. If that proposition should be accepted, the discrepancy in area between the two assessment districts no more tends to prove that the second district was too limited than that the first was too extensive. The common council which defined the limits of the second district could not be concluded by the action of its predecessor, which defined the limits of the first. (*People ex rel. N. E. Dressed Meat & W. Co.* v. *Roberts,* 155 N. Y. 408 ; *People ex rel. Eckerson* v. *Zundel,* 157 N. Y. 513.) The land included in the first district, but excluded from the second, was situated about half a mile from the new street, the assessment district for which was made unusually large, because the object of opening the street was to give access from a large part of the city to a new railroad station. In such a case any determination of the limits of an assessment district must necessarily be to some extent arbitrary. Had the omitted property been excluded from the first assessment district no one could have asserted that the action of the common council was erroneous, much less taken in bad faith. The case does not fall within the principle of *Copcutt* v. *Yonkers* (83 Hun, 178), which was exceptional in its features, and the learned judge at Special Term was, therefore, correct in holding that the allegation of the complaint that the action of the common council was illegal and oppressive was not made out.

It appeared, however, on the trial that eighty-five per cent of the amount of the assessment, against which the plaintiff seeks relief, was imposed for the expense of curbing and guttering the new street, and that no part of the lands of the

plaintiff fronted on that street. By section 19 of title VII of the charter (Laws 1895, chap. 635) it is enacted that the expense of setting curbs shall be assessed only upon lots of land that front upon the street in proportion to their frontage. To this extent the assessment was clearly invalid. In answer to this the appellant contends that no such objection was charged in the complaint. It is true that this irregularity is not expressly stated in the complaint, though it may be some of the allegations of that pleading are sufficiently broad to cover it. But evidence of the fact showing the invalidity of the assessment in this respect was admitted on the trial without objection, and the point seems to have been expressly taken there, for the learned judge notices it in his opinion. The inclusion in the assessment of the cost of this part of the work rendered the assessment illegal either in whole or part, and for this reason we think that the Appellate Division was justified in reversing the judgment of the trial court.

The order appealed from should be affirmed and judgment absolute rendered for the plaintiff on the stipulation, with costs.

Gray, O'Brien, Bartlett, Haight, Vann and Werner, JJ., concur.

Ordered accordingly.