(109 Ap. Div. 246.)

HARRIMAN et al. v. CITY OF YONKERS.

(Supreme Court. Appellate Division, Second Department. November 17, 1905.)

1. MUNICIPAL CORPORATIONS—STREET ASSESSMENTS—VACATION—COMPLAINT.

Where a complaint to set aside a local improvement assessment alleged that, in addition to premises of plaintiffs previously described, plaintiffs were the owners of 51 other lots situated within the assessment district in question, and that the assessments levied on each of such lots were oppressive and unlawful, but no facts were stated from which the inference of illegality could be drawn, the complaint was insufficient to support a judgment vacating the assessment as to such additional lots.

2. APPEAL—REMITTITUR—JUDGMENT.

Plaintiff sued to set aside a municipal assessment levied on a certain lot "No. 84," and alleged that in addition thereto plaintiffs were the owners

of 51 other lots within the assessment district in question, as to which the assessments levied thereon were all "oppressive and unlawful." The Court of Appeals held that the assessment on "lot 84" was void because the lot did not front on the improvement; the opinion stating that, though the irregularity was not expressly alleged in the complaint, it was shown by evidence admitted without objection. *Held*, that plaintiff on the remittitur from the Court of Appeals was only entitled to a judgment vacating the assessment on lot 84.

Appeal from Special Term, Westchester County.

Action by Charles Harriman and another against the city of Yonkers. From an order denying a motion to amend an order and judgment in favor of plaintiffs, entered on a remittitur from the Court of Appeals, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Francis A. Winslow, for appellant.
James M. Hunt, for respondents.

WILLARD BARTLETT, J. The plaintiff brought this action to set aside an assessment for the construction of Harriman avenue in the city of Yonkers, on the ground that such assessment was invalid and constituted a cloud upon his title. Upon the trial of the action at Special Term, judgment was rendered in favor of the defendant. An appeal was taken by the plaintiff to this court, and we reversed that judgment and granted a new trial. Harriman v. City of Yonkers, 82 App. Div. 408, 81 N. Y. Supp. 823. The defendant thereupon appealed to the Court of Appeals, stipulating that judgment absolute might be rendered against it in case of affirmance. The judgment of this court was affirmed by the Court of Appeals. Harriman v. City of Yonkers, 181 N. Y. 24, 73 N. E. 493. The order and judgment entered in Westchester county upon the remittitur from the Court of Appeals awards to the plaintiff, more extensive relief than that to which he was deemed entitled by counsel for the city of Yonkers, and a motion was accordingly made at Special Term in behalf of the city to modify such order and judgment, so that the relief granted might relate only to one of the plaintiff's lots mentioned in the complaint, and so as to exclude from the operation of the order and judgment 51 other lots referred to therein. This motion was denied, and the defendant has appealed; contending that, in view of the allegations of the complaint, the proceedings had upon the trial of the action, and the language of the opinion of the Court of Appeals, the effect of the remittitur was to entitle the plaintiff to have the assessment in question vacated only so far as it affected one piece of property, to wit, the lot on Harriman avenue numbered 84.

The learned counsel for the respondent cites Hiscock v. Harris, 80 N. Y. 402, as authority for the proposition that the effect of a stipulation for judgment absolute in case of affirmance is to give the party seeking to enforce such a stipulation the judgment to which he is entitled by virtue of the facts he alleges. He also cites Bossout v. R., W. & O. R. Co., 131 N. Y. 37, 29 N. E. 753, in support of the doctrine that the entry of judgment absolute in such a case has the

same effect as if the whole of the plaintiff's cause of action had been admitted and a default had occurred. Conceding the full force of these authorities, it does not seem to me that the paragraph in the complaint in the present action, referring to the 51 lots other than lot No. 84 on Harriman avenue, contains any specific allegation of fact which would entitle the plaintiff to have the assessment thereon vacated. That paragraph reads as follows:

"That in addition to the premises of the plaintiffs hereinbefore described, the plaintiffs are the owners of fifty-one (51) other lots, situated within the above mentioned assessment district as fixed by the common council of the city of Yonkers, upon which the defendant, its officers and agents, in the above-mentioned proceedings entitled, 'In the matter of regulating, grading, and otherwise improving Harriman avenue,' have laid or attempted to lay assessments in the total sum of $7,192.69, which said assessments are each and all oppressive and unlawful."

The allegation that said assessments are each and all oppressive and unlawful is merely an averment of matter of law, and no fact is stated from which the inference of illegality can be drawn.

As to plaintiff's lot No. 84, the case is quite different. The Court of Appeals held that the assessment on that lot was void simply because 85 per cent. of the amount was imposed for the expense of curbing and guttering Harriman avenue, and no part of the lot fronted on that street. Chief Judge Cullen in his opinion pointed out that this irregularity was not expressly stated in the complaint, but held that the Appellate Division was justified in reversing the judgment of the trial court because evidence of the fact showing the invalidity of the judgment in this respect had been admitted upon the trial without objection. It is quite plain from the proceedings in the case and its history that the only allegation of illegality in the assessment which has been sustained by the Court of Appeals relates to lot No. 84, and that, in the absence of evidence on the trial in respect to the situation of that lot, it is doubtful whether the plaintiffs would have prevailed. Under these circumstances, it seems to me that the judgment upon the remittitur should be limited so as to confine the relief awarded solely to that piece of property. If this view is correct, the order appealed from should be reversed, and the defendant's motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, without costs. All concur.