In the Matter of the Petition of TAXPAYERS OF THE TWENTY-THIRD WARD OF THE CITY OF ROCHESTER to Vacate or Set Aside or Reduce the Assessments for the Beach Avenue and Bonaldi Street Storm Water Outlet Sewer.

Supreme Court, Monroe County, January 28, 1930.

*John Van Voorhis' Sons*, for the petitioners.

*Clarence M. Platt* [*George B. Draper* of counsel], for the city of Rochester.

RODENBECK, J. The fixing of the territory to be assessed, by the common council, is a purely legislative act over which the courts have no control, except where the action of the common council is so arbitrary or unwarranted as to amount to a confiscation of property. (*Matter of Baldwin Street*, 169 App. Div. 128; affd., 218 N. Y. 636; *Valley Farms Co.* v. *City of Yonkers*, 193 App. Div. 433; affd., 231 N. Y. 558; *People ex rel. O'Reilly* v. *Common Council*, 53 App. Div. 58; *Matter of Shaffer*, 138 id. 35; *Spencer* v. *Merchant*, 100 N. Y. 585; affd., 125 U. S. 345; *Branson* v. *Bush*, 251 id. 182; *Myles Salt Co.* v. *Bd. Comrs. of Iberia Drainage District*, 239 id. 478.) The action of the municipality, therefore, even in this respect, is not final and conclusive, but is subject to review in a

proper case by the courts. The levying of an assessment for a local improvement, however, is an administrative act and the result is not final and conclusive where there is substantial error affecting the rights of property owners. In the case of the city of Rochester, a right to a review of local assessments is expressly provided for, and local assessments in the city may be set aside by the courts where a substantial error has been made. Such an error exists where the assessors have not followed the rule, provided for by statute, of assessing according to the benefits received by the property. An assessment substantially in excess of the benefits received, where it is required to be made according to benefits, is a taking of private property for public use without compensation and presents a constitutional question and, of course, constitutes a substantial error in the assessment.

It was, therefore, within the reasonable judgment of the common council to include the property of the petitioners in the assessable area, and to define the amount that should be assessed against the city at large. (Rochester City Charter, § 112; Laws of 1907, chap. 755.) The remaining portion of the expense, however, was required to be assessed according to benefits received by the property within the assessable area. This would require an assessment ranging from a nominal to a substantial amount upon all the property within the assessable area. The omission of any assessable parcel of land within the assessable area, by the assessors, would be without jurisdiction and would render the assessment void. (*Mc Kechnie Brewing Co.* v. *Trustees*, 15 App. Div. 139.) The property that could drain directly into the sewer would receive, of course, the chief benefit from the construction of the sewer, and should bear the bulk of the assessment. The property of the petitioners, remote from the sewer, should be assessed only according to the benefits received, and the rule for assessing these benefits is not whether " as now used by its present owner, any advantage is received but whether its general value has been enhanced." (*Matter of City of New York*, 233 N. Y. 387, 392.) The exaction of an assessment in substantial excess of the benefits received is a taking, in the guise of taxation, of private property for public use, without compensation. (*Norwood* v. *Baker*, 172 U. S. 269.) " In our judgment, the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation. We say ' substantial excess,' because exact equality of taxation is not always attainable, and for that reason the excess of cost over special benefits, unless it be of a material character, ought not to

be regarded by a court of equity when its aid is invoked to restrain the enforcement of a special assessment." (*Norwood* v. *Baker, supra,* p. 279.)

A review of the assessments against the petitioners' land is authorized by statute, where a substantial error has been made. (Rochester City Charter, § 203; Laws of 1907, chap. 755.) In this case the petitioners, some of whose property is situated two miles from the sewer, have a surface drainage through natural watercourses, which has not been affected in any way by the construction of the sewer. (*People ex rel. Howlett* v. *Mayor,* 63 N. Y. 291; *McCormick* v. *Horan,* 81 id. 86; *Spink* v. *Corning,* 61 App. Div. 84; affd., 172 N. Y. 626; *Waffle* v. *N. Y. Central R. R. Co.,* 53 id. 11; *Noonan* v. *City of Albany,* 79 id. 470.) No additional drainage of sewage has been, or could be, provided by the sewer, and the rights of surface drainage, existing prior to the construction of the sewer, remain just the same as theretofore. These are considerations that the assessors were required to take into account, since the assessments upon the property within the assessable area are required to be made, not by an arbitrary distribution of the expense of the sewer according to the acreage of the property assessed, but according to the benefits received. The cases involving assessments under the charter of the city of New York turn upon the provisions of that charter, and are not controlling in reviewing assessments under the charter of the city of Rochester. These cases do not furnish a general rule on the subject applicable to all situations. It is the rule, in the absence of valid legislation to the contrary, to allow a review by the courts of assessments for special as well as general purposes, where the statute applicable has not been followed by the assessors. In the case of the city of Rochester there are no limitations upon such a review other than that fraud or substantial error shall appear in order to justify interference by the courts. Where the assessments clearly appear to be grossly in excess of the benefits received, as in this instance, they must have proceeded upon an erroneous principle which would constitute a substantial error.

The courts may look into an assessment to see whether or not a reasonable judgment has been exercised by the assessors. If the action of the assessors were a finality, in all cases, an anomaly might be presented of an assessment on property that received no benefit whatever. In such a case the whole proceeding may be attacked as a confiscation of private property. " Of course, the principle must be admitted that if premises cannot receive a benefit they cannot be assessed, as the assessment proceeds in all cases upon the principle that the benefit is to be commensurate with the assessment." (*McKee Land & Imp. Co.* v. *Williams,* 63 App. Div.

553; affd., 173 N. Y. 630; see *Providence Retreat* v. *City of Buffalo*, 29 App. Div. 160; *People* v. *County Court of Jefferson Co.*, 56 Barb. 136.)

The assessments upon some of the property of the petitioners reveal that they are grossly in excess of the actual benefits received. In the case of one petitioner, where the property is valued generally for city taxes at $3,400, the assessment for the sewer is $2,073.67, while the immediate benefits to the property are negative and the future benefits purely conjectural. In the case of another petitioner, the general valuation is $200 and the assessment is $138.88; in a third case the general valuation is $4,250 and the assessment is $3,416.31, while in two instances the assessments exceed the general valuation of the property. There is nothing to indicate that these properties will ever be connected by lateral and trunk sewers with the sewer in question. A remedy exists for such assessments. A substantial error exists where property is assessed beyond the benefits received, since the assessment may, as it has in many instances in the past, operate to confiscate the property. This is not a case where there exists " a penumbra where rigid formulas must fail," and the decision must be left to the discretion of the court (*Norwegian Evan. Free Church* v. *Milhausen*, 252 N. Y. 186, 191), but one where the assessments are so grossly out of proportion to the benefits that they should be vacated and set aside. While the courts may not have power to review the judgment of the common council in determining the nature of the improvement and the area of property to be assessed therefor, they, nevertheless, under the charter of the city, and upon general principles of equity, have the power to protect private property from assessments which amount to a confiscation of such property. The difficulty here is that the sewer is unusually expensive and a large part of the property that drains toward the sewer lies outside the city of Rochester and is not assessable. Where the construction of an outlet sewer is necessary, and the whole of the expense is such that it should not be borne by private property, the city at large should assume such portion of the expense as will not unduly burden private property assessed for the remainder.

The assessment against the petitioners' property is vacated and set aside, with the costs of this proceeding.