FOURTH DEPARTMENT, SEPTEMBER, 1985

(September 27, 1985)

■ B. TERRY SKINNER, Appellant-Respondent, et al., Plaintiff, v VILLAGE OF SYLVAN BEACH et al., Respondents-Appellants.— Order unanimously modified, on the law, affirmed in part and appeal otherwise dismissed as academic, without costs, all in accordance with the following memorandum: On December 7, 1976 the Village Board of Sylvan Beach passed a bond resolution authorizing the issuance of $5,500,000 in serial bonds to pay the cost of construction of a sanitary sewer system. In Local Laws, 1977, No. 1 of Village of Sylvan Beach article X (providing, among other things, for the construction, operation and use of the sewer system), the Village Board established a method for apportioning capital costs, debt service and operating costs of the sewer system on the "owners of real property, served or required to be served" by the sewer system (§ 1001). In their declaratory judgment action plaintiffs seek to invalidate the local law upon several grounds, including those asserted in the sixth and in part of the eighth causes of action, i.e., that the local law is unconstitutional and contrary to law because it fails to assess a tax upon vacant land and that it imposes a tax that is measured solely by the amount of use that a particular property owner makes of the sewer system rather than on the benefit that accrues to the property from being included within the area served by the system. Plaintiffs moved for summary judgment. Special Term granted plaintiffs' motion in part and denied it in part and, pursuant to CPLR 3212 (b), granted summary judgment to defendants dismissing the fifth cause of action and a portion of the eighth cause of action. Both plaintiff Skinner and defendants appeal. We conclude that Special Term improperly denied plaintiffs' motion for summary judgment on the sixth cause of action and on the remaining portion of the eighth cause of action which it did not dismiss. Accordingly, the order is modified to provide that plaintiffs' motion is granted on those causes of action and it is further modified to include a declaration that Local Laws, 1977, No. 1, article X is invalid as unconstitutional and contrary to law for the reasons stated hereafter.

The special State legislation (L 1976, ch 527, § 2) authorizing

the sewer system empowers the legislative bodies of the Village of Sylvan Beach and the Towns of Verona and Vienna, Oneida County, and the Towns of Lenox and Sullivan, Madison County, to raise the construction costs and operating expenses of the sewer system "by local assessments to be raised, levied and collected *upon the several lots and parcels of land within said village and town sewer districts which are parties to the East Oneida Lake Water Pollution Abatement Project* in such a manner that the base unit user cost, as that term shall hereafter be defined and determined by said legislative bodies, to the several lots and parcels of land within each and all such respective village and town sewer district shall be approximately equal" (emphasis added).

Local Laws, 1977, No. 1, article X, enacted pursuant to the authorizing legislation, provides in part as follows:

"SECTION 1001. The source of the revenues for retiring debt service, capital expenditures, operation and maintenance of the public sewage works shall be a Sewer Use Charge *assigned to Owners of benefited property located within the corporate limits of the Village;* Furthermore sewer debt service, capitol *[sic]* expenditures, operation and mainten[a]nce charges shall be made in conformity with Section 1003 and *charged to owners of real property, served or required to be served by sewerage works.*

"SECTION 1002. Sewer Use Charges shall be determined by the Board of Trustees on a year-to-year basis. The Board of Trustees reserves the right, from time to time, to change Sewer Use Charges originally or previously assigned to any property owner." (Emphasis added.) Local Laws, 1977, No. 1, § 1003 sets forth the method of computing the "sewer use charge" for improved properties within the district. There is no "sewer use charge" for vacant or unimproved land, and the amount of the charge on an improved parcel bears no relation to the size of the lot or the area of the land on which a particular improvement is situated. The charge for a given parcel of improved residential property is set by assigning to the property an arbitrary unit of "sewer use charge" which is determined solely on the basis of the type of residential structure on the property and the number of family groups dwelling in the structure. The sewer use charges for various classifications of residential properties (based on the types of structures on them) are set forth in a schedule in section 1003 as follows:

"Classification[:] 1. Single Family Home—[Factor:] 1 unit.

"[Classification:] 2. 2-Family and/or Duplex House—[Factor:] ¾ unit each family.

"[Classification:] 3. Mobile Home. a) on Private lot—[Factor:] 1 unit. b) In Mobile Home Park—[Factor:] ¾ unit each.

"[Classification:] 4. Multi-Family Living Units (On one site); Homes, Cabins or Cottages (free standing); Owners unit—[Factor:] 1 unit. 1st additional living facility—[Factor:] 1 additional unit. Each living facility thereafter—[Factor:] ¾ additional unit each."

Commercial properties and "Ma & Pa" businesses with attached apartments are assessed as follows:

"[Classification:] 5. Commercial (stores, restaurant, motel, hotel, laundromat, gas stations, school, Campsites, farms, apartments [in one structure], etc.—[Factor:] 1 unit or flow—whichever is higher * * *

"Classification * * * 7. Ma & Pa/Business with apartment (attached living quarter—1 family only 1 unit or flow whichever is higher)."

In their sixth cause of action plaintiffs contend that the local law is invalid because it imposes no charge on vacant properties (allegedly 328 in number) and thus places an unconstitutional burden on the improved properties which are taxed. We agree. It is settled law that all properties within an area to be served by an improvement "are to some extent at least actually benefited, and, therefore, assessable" *(People ex rel. Connelly v Reis,* 109 App Div 748, 754; *see, Hassen v City of Rochester,* 65 NY 516, 519-520; *Matter of City of New York [West 184th St.],* 165 App Div 356, 361, *affd* 216 NY 642; *Harriman v City of Yonkers,* 82 App Div 408, 410, *affd* 181 NY 24; *McKechnie Brewing Co. v Trustees of Vil. Canandaigua,* 15 App Div 139, 144, *affd* 162 NY 631). The omission of the vacant and unimproved property here constitutes a violation of the statutory requirement that assessments be made in proportion to the benefits derived from the improvement *(see,* Village Law § 14-1416) and creates an unconstitutional additional tax burden on the other properties in the benefited area *(see, Matter of City of New York [Washington Ave.,],* 171 App Div 342, 346; *Matter of Taxpayers of Twenty-Third Ward,* 136 Misc 278, 279, *affd* 236 App Div 882; *see generally,* 55 NY Jur, Special Assessments, §§ 22, 142).

We hold also that Local Laws, 1977, No. 1, article X is invalid for reasons alleged in plaintiffs' eighth cause of action. As Special Term found, a review of the enabling legislation, the bonding resolution, the local law and other information in

the record unmistakably compels a conclusion that the village trustees purported to construct a system of apportioning the costs of the improvement according to benefit which would comport with Village Law § 14-1416. As noted, the special legislation authorizes assessments "to be raised, levied and collected *upon the several lots and parcels of land within said village* and town sewer districts" (L 1976, ch 527, § 2 [emphasis added]). Section 4 of the bonding resolution passed by the village trustees on December 7, 1976 provides in part: "There shall annually be levied *on all the taxable real property within said [village]* a tax sufficient to pay the principal of and interest on such bonds as the same become due and payable" (emphasis added). Indeed, in the very local law in question it is provided that the sewer use charge be assigned "to Owners of benefited property located within the corporate limits of the Village" and that the costs of capital expenditures, debt service and operation and maintenance be charged "to owners of real property, served or required to be served by sewerage works" (Local Laws, 1977, No. 1, § 1001).

The charges to be imposed on various properties under Local Laws, 1977, No. 1, § 1003, however, are essentially use-based and are not in any way proportionate to or measured by the benefit accruing to the properties by their inclusion within the area served as required by Village Law § 14-1416. An analysis of section 1003 confirms this conclusion in several ways. First, as noted, the tax is imposed solely on users of the sewer system. Vacant or unimproved properties (i.e., nonusers) are not taxed. Second,the charges against occupied residential properties of various categories are determined solely on the basis of arbitrary assumptions of water and sewer usage by the particular category of structure located on the property. It is apparent from section 1003 that the assignment of one unit of sewer use charge to a single-family home is based on an arbitrary assumption that a single-family home will use approximately 80,000 gallons of water annually. Similar arbitrary charges are assigned in section 1003 to properties having residential dwellings of different categories—again, based on assumptions of water usage by the particular categories of dwelling. Thus, a two-family home is charged 1½ units, or three quarters of a unit for each family, a mobile home on a private lot is charged one unit, and a mobile home in a mobile home park is charged three quarters of a unit. Third, the charges levied on commercial properties are based on actual metered flow of water usage if the property uses in excess of one unit or 80,000 gallons annually. Fourth, the charges

established in section 1003 make no allowance for the beneficial effect of the sewer system on the value of lots or land areas on which the commercial and residential structures are situated. Thus, a single-family home on a small lot will pay the same charge as a single-family dwelling located on several acres, because under section 1003 it is arbitrarily assumed that each single-family home will use 80,000 gallons of water per year, and the charge is based solely on that assumption of usage, irrespective of the benefit that the surrounding land may have received from inclusion in the benefited area and the availability of the sewer system.

It is quite true that improved properties benefit more from a sewer district improvement than vacant land in the area served by the improvement and that, thus, whether a given property is improved or unimproved can properly be considered in measuring the extent of benefit to the property and in apportioning costs in accordance with that benefit (see, Matter of Kermani v Town Bd., 47 AD2d 694, 695, revd on other grounds 40 NY2d 854). The vice of section 1003, however, is that it does not purport to measure benefit to properties in the area served or to base its apportionment on such benefit. The "sewer use charge" is measured on the basis of metered usage in the case of commercial properties and arbitrarily assumed usage in the case of residential properties. Thus, the charge is based on use, not benefit, and does not comply with Village Law § 14-1416, the enabling legislation, or with Local Laws, 1977, No. 1, § 1001. Moreover, it is contrary to section 4 of the bonding resolution.

We agree with Special Term's determination to dismiss the various affirmative defenses enumerated in the last ordering paragraph. We modify that paragraph, however, to dismiss all of the remaining affirmative defenses except the fourth affirmative defense. In view of our determinations herein, the appeal by plaintiff from other aspects of Special Term's order is dismissed as academic. Were it necessary to reach the questions, however, we would affirm the second and third ordering paragraphs and so much of the fourth ordering paragraph as dismisses plaintiffs' claim of a violation of General Municipal Law § 453. As to the first ordering paragraph, we would grant summary judgment to plaintiffs on those causes of action asserting that Local Laws, 1977, No. 1 is invalid because it was not enacted in compliance with the filing, notice and hearing requirements of the Village Law (see, Village Law §§ 14-1400, 14-1416). (Appeals from order of Supreme Court, Oneida County, Balio, J.—summary judg-

ment.) Present—Hancock, Jr., J. P., Denman, Green, O'Donnell and Pine, JJ.