◼ In the Matter of ANN M. STEVENSON, Individually and as Executor of the Estate of MILTON F. STEVENSON, Deceased, Petitioner, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [964 NYS2d 707]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a deter-

mination of respondent Tax Appeals Tribunal which sustained notices of deficiency of personal income tax imposed under Tax Law article 22.

Milton F. Stevenson (hereinafter decedent) was the majority shareholder of Anoplate Corporation, which was certified pursuant to General Municipal Law article 18-B as a Qualified Empire Zone Enterprise (hereinafter QEZE). The corporation owned five parcels of property in the Onondaga County Sanitary District. Having elected to be treated as an S corporation, Anoplate's tax credits flowed through its shareholders (see Internal Revenue Code [26 USC] § 1366; Tax Law § 660), permitting decedent and petitioner, his wife, to claim decedent's proportionate share of Anoplate's refundable QEZE credit when jointly filing their state resident personal income tax returns for the years 2004, 2005 and 2006. Although the claimed refunds were initially issued, the Department of Taxation and Finance conducted an audit and issued notices of deficiency equal to the amounts of credit claimed for, among other things, sanitary unit charges.

Petitioner* filed a petition for redetermination, resulting in an Administrative Law Judge granting the petition and canceling the notices of deficiency. Upon appeal by the Division of Taxation, respondent Tax Appeals Tribunal reversed the Administrative Law Judge's determination and sustained the notices of deficiency. Petitioner commenced this proceeding challenging the Tribunal's determination.

A taxpayer seeking an exemption from taxation bears the burden of proving an unambiguous entitlement thereto (see *Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib.*, 19 NY3d 1058, 1060 [2012]; *Matter of United Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y.*, 98 AD3d 796, 798 [2012], *lv denied* 20 NY3d 860 [2013]), showing that the proffered "interpretation of the statute is not only plausible, but also that it is the only reasonable construction" (*Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988]; *see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993]; *Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y.*, 56 AD3d 908, 909-910 [2008], *lv denied* 12 NY3d 703 [2009]). The application of a broad statutory term in a tax statute to a particular situation entails a fact-based inquiry on a matter within the Tribunal's expertise, requiring us to give deference to the Tribunal's finding on this issue and uphold it if it is sup-

---

* Decedent died in 2009. Petitioner filed this proceeding both on her own behalf and as executor of decedent's estate.

ported by a rational basis (*see Matter of Easylink Servs. Intl., Inc. v New York State Tax Appeals Trib.*, 101 AD3d 1180, 1181-1182 [2012]; *Matter of Sacks v Tax Appeals Trib. of the State of N.Y.*, 99 AD3d 1120, 1121 [2012]; *see also Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006]).

The parties here agree on the facts and that petitioner is entitled to claim QEZE credits for "eligible real property taxes" (Tax Law § 15 [a], [former (e)]), but disagree as to whether the Sanitary District charges fall within the definition of that phrase. For the reasons stated in our decision in *Matter of Piccolo v New York State Tax Appeals Trib.* (108 AD3d 107 [2013] [decided herewith]), the term "eligible real property taxes" in Tax Law former § 15 (former [e]) does not include special ad valorem levies and special assessments. We agree with the Tribunal's determination that the charges at issue are ad valorem levies, not taxes.

A special ad valorem levy is defined to cover charges "imposed upon benefitted real property in the same manner and at the same time as taxes for municipal purposes to defray the cost, including operation and maintenance, of a special district improvement or service" (RPTL 102 [14]). A special assessment is a charge for similar purposes that is "imposed upon benefitted real property in proportion to the benefit received by such property" (RPTL 102 [15]). The Sanitary District meets the definition of a special district (*see* RPTL 102 [16]), and was created to maintain and operate the sewer system serving the properties within the district. "Taxes are public burdens imposed generally for governmental purposes benefitting the entire community, whereas an ad valorem levy is an assessment imposed for specific municipal improvements which confer a special benefit on the property assessed beyond that conferred generally" (*Matter of Crandall Pub. Lib. v City of Glens Falls*, 216 AD2d 814, 815 [1995]; *see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 58 [1978]). All parcels within a special district are generally deemed to receive, at least to some extent, some actual benefit from the district's services or improvements, rendering all such parcels assessable by the district (*see Skinner v Village of Sylvan Beach*, 113 AD3d 1000, 1002 [1985]; *see also Matter of Palmer v Town of Kirkwood*, 288 AD2d 540, 542 [2001]; *compare New York Tel. Co. v Supervisor of Town of Oyster Bay*, 4 NY3d 387, 394 [2005]). The resolution creating the Sanitary District states that any costs of maintenance and operation of the district not "derived from sewer use rates . . . and other available funds . . . shall be assessed, levied and collected from the several lots and parcels of land in said [d]istrict in the same

manner and at the same time as other County charges on an ad valorem basis'' (Resolution No. 260 [1978] of County of Onondaga). Although the parties dispute—and the record does not clearly explain—whether the charges at issue are imposed in proportion to the benefit received or in the same manner as taxes for municipal purposes, they qualify as either ad valorem levies or special assessments. As neither of those categories falls within the definition of tax, the Tribunal rationally determined that the charges at issue were not taxes, and petitioner failed to meet her burden of proving that such charges could be claimed as the basis for a QEZE credit under Tax Law § 15 (former [e]).

Mercure, J.P., Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.