Baymond E. Aldrich, Jr., J.
The petitioners move for an order directing the Board of Bepresentatives of the County of Dutchess to refund the sum of $57,099.80 paid by the petitioners pursuant to an alleged erroneous and illegal assessment and levy of taxes as provided in subdivision 3 of section 556 of the Beal Property Tax Law.
The respondents, Board of Bepresentatives of the County of Dutchess and Bobert A. Williamson, move to dismiss the petition and the proceeding pursuant to CPLB 404 (subd. [a]), on the grounds that :
1. The petitioner fails to state a cause of action.
2. That section 556 of the Beal Property Tax Law does not authorize the review and correction of patently valid assessments, nor does it authorize the refund of taxes levied under such assessments.
3. That section 556 of the Beal Property Tax Law does not apply to a special ad valorem levy or a special assessment imposed for local improvements.
4. Section 239 of the Town Law provides the exclusive method for reviewing, correcting and annulling assessments for local improvements.
*904 5. That the failure of petitioners and their predecessors in title and those united in interest with them to make timely application for administrative and judicial relief under section 239 of the Town Law precludes them from obtaining the relief which is sought in the instant collateral proceeding.
The respondent Town of Poughkeepsie also moves to dismiss on the grounds that the court’s jurisdiction is limited to $10,000 and that subdivision 3 of section 556 of the Real Property Tax Law is not the proper remedy.
The undisputed pertinent facts are: that petitioner Harry Raker, Inc., and subsequently R. M. S. Equities, Inc., were the owners of a 99.5-acre tract of land which was subdivided into a 251-lot subdivision entitled ‘1 Sutton Park ’ ’ located in the Town of Poughkeepsie, Dutchess County, New York; that the Town of Poughkeepsie by action of the Town Board formed a water district and a sewer district in 1964 which was to service the said petitioners’ lands exclusively; that the cost of the sewer and water improvements which were to be constructed was approximately $500,000 and-$270,000 respectively; that a special assessment roll was made up in 1966 for budgeting the facilities; that in 1967, without protest of the 1966 special assessments by the petitioners, a charge of $39,018.61 was imposed for the sewer improvement and $17,302 for the water improvement; that petitioner paid an installment of $18,946.15 to the town, leaving the difference unpaid.
Furthermore, at the end of fiscal 1967 the town certified such unpaid amounts to the County of Dutchess who in turn paid the town. In 1969 the unpaid balance with the accrued penalty and interest was paid on behalf of the petitioners to the Commissioner of Finance of the County of Dutchess.
When the benefit assessments were originally determined, the town in order to meet the cost of the improvements acted upon a debt service which would become due in 1967 as a result of long-term obligations to be marketed during that year. Subsequently, the town in 1967 changed the mode of financing from that of long-term bonds to short-term anticipation notes, resulting in a surplus. In August of 1967 the Town Board of the Town of Poughkeepsie repealed, rescinded and revoked the 1966 resolution authorizing the issuance of the consolidated serial bonds, and at that time unanimously passed the following resolution : ‘ ‘ resolved that the money when collected by the receiver of taxes be refunded to the developer pursuant to the revocation of the consolidation resolution previously passed” (italics added). The balance due, however, as heretofore indicated was not paid on behalf of petitioner until 1969, but the County of *905 Dutchess had previously paid to the Town of Poughkeepsie the full amount of the tax, which the town retains and which is the so-called surplus. The town has not made any refund to petitioners.
This proceeding naming the Board of Representatives of the County of Dutchess; Robert A. Williamson, as Commissioner of Finance of the County of Dutchess, and the Town of Poughkeepsie seeks a return of or a refund in the sum of $57,099.80. The matter appears to be one of first impression under section 556 of the Real Property Tax Law. It is the opinion of this court that the legislative intent of subdivision 3 of section 556 was to control or correct circumstances caused by mathematical, bookkeeping or clerical errors, and not circumstances as in the case at bar.
Where judgments of the taxing authority are concerned, the error would have to be one which appears obviously, such as on the the face of the tax levy or assessment, or the judgment would be of such a nature as to render the tax illegally or erroneously levied.
Accordingly, it is the opinion of this court that the petitioners’ remedy is restricted to a plenary action, if any, against the town based upon the resolution of August, 1967; however, this court will not go into the merits of such an action based upon the said resolution of August, 1967.
The effect of entertaining the instant relief sought pursuant to subdivision 3 of section 556 of the Real Property Tax Law would place the burden on the county to defend the internal operation and management of the town taxing authority, and allow the court to indulge itself in a determination of the judgment, internal affairs, and management of the Town Board, and substitute its judgment in place thereof. The crux of the petitioners’ argument is not that the assessment was illegal, but that the imposition and collection of the tax was illegal because of the amount of tax imposed, as the sum to be collected, should have been limited to an amount necessary for interest, principal, and maintenance of the improvements. The question arises as to a change in the determination of the mode of financing after the amount of tax has been determined. The necessary conclusion from the petitioners’ argument would be that once the town made a determination for the mode of financing, and then set the tax based upon that method, they would be precluded from changing their mode of financing which might be required by a change of circumstances. This, of course, would not only be chaotic but it would practically render the authority inflexible and possibly inoperative.
*906 The court will not be called upon to review and possibly substitute its judgment in the operation of the business of the taxing authority, which it is loathe to do unless to correct an obviously illegal act. The acts of the town as they relate to the change in method of financing, did not render the tax illegally or erroneously levied as set forth in subdivision 3 of section 556 of the Real Property Tax Law.
The petition as against all respondents in accordance with this decision is hereby dismissed.