John P. Donohoe, J.
The decision herein dated December 19,1973 is recalled.
This motion for an order granting summary judgment to the plaintiff upon the ground that there are no issues of fact to be *909 tried; that there are no disputes of fact involved in the litigation, and that there are only issues of law to he resolved by the court, and that such summary judgment grant judgment to the plaintiff for the relief demanded in the complaint is denied. The cross motion for an order (1) denying plaintiff’s application in its entirety, (2) granting summary judgment to defendants dismissing the complaint herein for lack of merit pursuant to CPLR 3212 is granted.
In this action for money had and received, a real property owner (R. M. S. Equities, Inc., hereinafter called Equities) and its predecessor in title (Harry Raker, Inc., hereinafter called Raker) sue the County of Dutchess and its appropriate authorities to recover the sum of $63,047.20, which plaintiffs allege was collected under erroneous special assessments for water and sewer districts. The defendants, in a single answer in which all join, admit that sums of money were collected pursuant to the special assessments, that the resolution of the Town Board to issue serial bonds in a consolidated issue was rescinded some 10 months after it was adopted and that the sums collected have not been refunded. Defendants claim they are not required to repay the special assessments which they collected for the improvement of districts subsequently abolished, but may and must credit overpayments against future annual assessments. They also allege that any sums to which the plaintiffs might have been entitled had been applied to their benefit at the time of joinder of issue on September 18, 1973. The claims frame the principal issues to be resolved on this motion for summary judgment.
These are the facts upon which this action is based:
Raker owned 251 building lots in the Town of Poughkeepsie in a subdivision which it called Sutton Park. In 1964, Raker petitioned the Town Board to create special sewer and water districts. These improvements were to cost, together, some $770,000 and the Town Board determined to finance the cost through the issuance of serial bonds and bond anticipation notes. The board resolved to issue such obligations in December, 1965, awarded contracts for the construction of the improvements in May, 1966, and resolved to issue serial bonds aggregating $4,430,000, which included the cost of such improvements on October 19, 1966. In 1967, the town levied charges against Raker on account of the special assessments in the amount of $39,018.61 for sewer district improvements and $17,302 for water district improvements. These sums, together with the other items payable as State, county and town taxes, were payable without penalty *910 on or before February 28, 1967, and with specified penalties in three installments, the last of which fell due on August 31,1967. Plaintiff paid the first installment of $18,946.16 on February 28,1967, and defaulted in payment of the balance. The premises were sold for the unpaid balance on January 5, 1968 to the County of Dutchess. They were redeemed from this sale on February 24, 1970, by the payment of $50,145.46 in principal, interest and charges. This payment was made by First Federal Savings and Loan Association of Kingston.
In the meantime, the Town Board resolved on August 23, 1967, to rescind its October, 1966 bond consolidation resolution and to finance construction costs through short-term bond anticipation notes. At the same meeting the board further resolved to refund to the developer the 1967 special district assessment money “ when collected ”.
The sums remaining unpaid on account of 1967 taxes were returned unpaid to the Commissioner of Finance, who paid the equivalent sum of $37,892.30 to the supervisor of the Town of Poughkeepsie.
As the result of the town’s resolution to change the method of financing from the consolidated serial bond method to the short-term anticipation note method, the cost of the improvements was reduced in 1967 from the total of $56,320.61 to the total of $9,588.01.
The plaintiffs allege in their complaint that they have paid the total of $75,047.20. The total amount of the two sums paid by or on account of plaintiffs is $69,091.62 ($18,946.16 for the first installment of the 1967 tax, plus $50,145.46 paid in redemption in 1970).
Baker conveyed the fee to Equities on May 7,1967.
The plaintiffs in this action previously claimed the sums which they claim in this action in a special proceeding in the County Court, Dutchess County, maintained under section 556 (subd. 3) of the Beal Property Tax Law, The petition in that proceeding was dismissed (Matter of Harry Raker, Inc. v. Board of Representatives of County of Dutchess, 69 Misc 2d 903, 905) upon the ground that section 556 of the Beal Property Tax Law was designed to permit the courts to “ control or correct circumstances caused by mathematical, bookkeeping or clerical errors, and not circumstances as in the case at bar ”. The Appellate Term affirmed the judgment of the County Court with the single modification that the dismissal was granted without prejudice to plaintiffs’ maintaining an action against the defendants for money had and received (Matter of Marry Raker, Inc, *911 v. Board of Representatives of County of Dutchess, 74 Misc 2d 708). This action ensued.
It is alleged in the answer, and has not been denied by the plaintiffs, that “ from the year 1968 until the present, these surpluses (resulting from our payment of 1967 taxes) have been properly included in annual estimates of revenue for the respective special districts and applied and fully expended to reduce annual special assessments levied to pay debt service falling due upon outstanding obligations issued to finance the cost of the improvements In view of this admission, the present action is academic, except for the undecided question of the propriety of defendants’ refusal to refund any overpayments which might have been payable in 1967. There is no question at this date that plaintiffs have absorbed any credits to which they could have been entitled, so that this action is, at present, limited to an examination of the applicable laws. If plaintiffs had not selected the wrong remedy in the first place, the judgment in the action would in fact adjust the right of the parties. As it now stands, the decision on the issues, if based on the legal validity of the propositions advanced will be necessarily obiter dictum. This court will not indulge in meaningless acts and, accordingly dismisses the complaint.
If it were not for the moot nature of the action at its present stage, the court would be constrained to dismiss so much of it as pertains to the payment of $18,946.16 on February 28, 1967, on the ground that it is barred by the Statute of Limitations to that extent, as an action for money had and received, it was commenced more than six years after the alleged cause of action arose. (CPLR 213, subd. 6; Riverdale County School v. City of New York, 13 A D 2d 103, affd. 11 N Y 2d 741.)