Per Curiam.

An overpayment of taxes based on a special assessment may not be recovered under subdivision 3 of section 556 of the Real Property Tax Law (Real Property Tax Law, § 102, subds. 15, 20; 55 N. Y. Jur., Special Assessments, § 3). In our opinion, petitioners should have sought recovery in a common-law action based on the theory of money had and received (2 Carmody-Wait 2d, New York Practice, Limitation of Actions, §§ 13:84,13:157; 44 N. Y. Jur., Payment, §§ 115,117; 55 N. Y. Jur., Special Assessments, § 424; Title Guar. & Trust Co. v. City of New York, 265 App. Div. 304, affd. 290 N. Y. 910; see Mercury Mach. Importing Corp. v. City of New York, 3 N Y 2d 418, 430; Jenad, Inc. v. Village of Scarsdale, 23 A D 2d 784, 786, revd. on other grounds 18 N Y 2d 78; 48 Am. Jur., Special or Local Assessments, § 226; Ann. 145 A. L. R. 1129; 55 N. Y. Jur., Special Assessments, § 398).
The order should be modified by providing that the dismissal of the petition is without prejudice to the institution of a plenary suit against respondents and, as so modified, affirmed without costs.
Concur — Hogan, P. J., McCullough and Farley, JJ.
Order modified, etc.