OPINION OF THE COURT
Memorandum.
The order of the Appellate Division is affirmed, with costs. In City of Buffalo v Cargill, Inc. (44 NY2d 7 [decided herewith]), this court reaffirmed our holding in Matter of Ueck (286 NY 1) that when a taxing district acquires its own tax sale certificate following a sale held pursuant to statute, the personal liability of the taxpayer has been extinguished. The Syracuse Tax Act (L 1906, ch 75, as amd) is practically indistinguishable from the statutes considered in the above cases. Under the Syracuse Tax Act, when taxes remain unpaid, the treasurer will "advertise and sell such real estate * * * for the payment of such taxes” (§ 21) and the notice of *924 sale shall state that the real estate will be sold "to pay the taxes” (§ 22). The purchaser must pay the amount of his bid which must equal the amount of unpaid taxes and charges (§§ 22, 23) and the tax certificate issued after sale shall state that the property "was sold for unpaid city taxes” (§ 23). Under these provisions there can be no doubt that the purchase of the tax sale certificate evidences payment of the taxes as a matter of law and extinguishes the personal liability of the taxpayer, while the holder of the certificate obtains all the rights which attach thereto (City of Buffalo v Cargill, Inc., supra).