SAGGOLF CORPORATION, Respondent, v TOWN BOARD OF THE TOWN OF BOLTON, Appellant.

Third Department, July 13, 1978

## APPEARANCES OF COUNSEL

*Gordon K. Garlick* for appellant.

*Rehm, Krantz & De Santis (Howard I. Krantz* of counsel), for respondent.

## OPINION OF THE COURT

LARKIN, J.

On November 6, 1974 the defendant town board, after the required public hearing, affirmed and adopted an assessment roll apportioning the expenses for the Bolton Sewer District No. 1. Plaintiff Saggolf Corporation's property is located within the sewer district. On January 27, 1975 plaintiff paid, under protest, a special assessment in the sum of $9,963.24 based upon the defendant's assessment of 1,636 user units for plaintiff's property. Plaintiff claimed that the assessment for-

mula had been incorrectly applied in that it had been assessed one unit per $1,000 in assessed valuation over $100,000 instead of one unit per $10,000 in assessed valuation over $100,000. It was alleged that such error resulted in an overassessment of 958 units and an overpayment of $5,834.22.

An application for refund was made on February 13, 1976 and denied on April 7, 1976. On December 10, 1976 plaintiff reapplied for a refund on the basis of amendments to title 3 of article 5 of the Real Property Tax Law (L 1976, ch 634, eff July 21, 1976). This subsequent application was denied on February 2, 1977. Plaintiff commenced the instant action for money had and received on April 26, 1977. Upon defendant's application to dismiss this action on the ground that it was untimely under section 239 of the Town Law, Special Term concluded that section 556 of the Real Property Tax Law, as amended by chapter 634 of the Laws of 1976, was applicable to this case, that plaintiff's action should be converted into an article 78 proceeding to review the denial of an application for a refund under that section and that, as such, the proceeding was timely. Leave was granted to plaintiff to amend its pleadings accordingly. We agree with Special Term.

Section 239 of the Town Law provides that no action or proceeding to "set aside, vacate, cancel, annul, review, reduce or otherwise test or affect the legality or validity of" any special assessment may be commenced later than 30 days after the assessment roll has been affirmed (*Matter of Kermani v Town Bd. of Town of Guilderland*, 47 AD2d 694, revd on other grounds 40 NY2d 854). Prior to July 21, 1976, section 556 of the Real Property Tax Law provided for the refund of taxes based on clerical error, which included a mathematical error in computation of the tax (Real Property Tax Law, § 550, subd 2, par [d]). However, a special assessment is not a tax within the meaning of the statute (Real Property Tax Law, § 102, subd 20) and, therefore, at least prior to July 21, 1976, the sole available remedy for recovering an overpayment of a special assessment by reason of a mathematical error in computation of the units of service provided by the special district was to commence an action for money had and received (*Matter of Harry Raker, Inc. v Board of Representatives of County of Dutchess*, 74 Misc 2d 708). An article 78 proceeding would also have been available to challenge the assessment (*Matter of Kermani v Town Bd. of Town of Guilderland, supra*). Section 239 of the Town Law would have

required that these actions be commenced within 30 days of the affirmation of the assessment roll.

■ By the terms of chapter 634 of the Laws of 1976, section 556 of the Real Property Tax Law was amended, insofar as is relevant herein, to provide: "1. (a) Pursuant to the provisions of this section, an appropriate tax levying body may refund to any person the amount of any tax paid by him, or portion thereof, as the case may be, where such tax was attributable to a clerical error * * * and application for refund is made within three years from the annexation of the warrant for such tax". Chapter 634 also amended Real Property Tax Law section 550 by adding paragraph (e) to subdivision 2, which provides: "When used in this title * * * 2. 'Clerical error' means: * * * (e) an entry on an assessment roll or on a tax roll which is incorrect by reason of a mistake in the determination or transcription of a special benefit assessment or other charge based on units of service provided by a special district". The simultaneous enactment of these amendments and the legislative history indicates a clear intention that section 556 should apply to refunds of special assessments as well as to tax refunds.

■ We agree with Special Term's conclusion that section 556 of the Real Property Tax Law, not section 239 of the Town Law, contains the Statute of Limitations applicable herein. As reasoned by Special Term: "It appears that as a result of the recently amended Real Property Tax Law, Town Law § 239 is the proper vehicle for challenging inequalities or improprieties in the basic assessment rate proposal itself; whereas § 556 of the Real Property Tax Law is the proper section to apply when seeking a refund based upon a mere error in computation of the figure on the assessment roll when the town board actually attempts to apply its valid assessment schedule to the particular property in question. A manifest error, such as that which petitioner alleges exists here, should be governed by the terms of Real Property Tax Law and its three years statute of limitations". In addition, subdivision 2 of section 559 of the Real Property Tax Law, applicable to defendant, provides that "[p]rovisions of all general, special, local or other laws which are inconsistent with the provisions of this title shall be inapplicable to municipal corporations to which this title applies". To the extent that the 30-day Statute of Limitations contained in section 239

of the Town Law is inconsistent with the three-year period for filing refunds contained in section 556 of Real Property Tax Law, it is inapplicable.

■ We reject defendant's argument that the said amendments of the Real Property Tax Law, which occurred subsequent to plaintiff's initial application for a refund on February 13, 1976, should not be applied retroactively to this case. As amendments which create a new statutory right and are remedial in nature, they should be given retroactive effect (*Matter of Busch v Austin Co.,* 37 AD2d 648; *Matter of Mlodozeniec v Worthington,* 9 AD2d 21). Defendant's said December 10, 1976 reapplication under section 556 of the Real Property Tax Law, as amended effective July 21, 1976, was thus timely as well within the three-year limitation period.

■ Finally, we address defendant's objection to Special Term's conversion of this action into an article 78 proceeding, with leave granted to plaintiff to file amended pleadings. Specifically defendant alleges that Special Term improperly extended the time fixed by law within which to commence an action or proceeding. We disagree. The application upon which the present action (now a proceeding) is based was denied on February 2, 1977. The action for money had and received was commenced on April 26, 1977, well within the four-month limitation period for article 78 proceedings (CPLR 217). The court had the power to grant plaintiff leave to serve amended pleadings so as to convert the action into an article 78 proceeding (CPLR 103, subd [c]). Claims asserted in amended pleadings are deemed interposed at the time the claims in the original pleadings were interposed unless the original pleading does not give notice of the transactions or occurrences to be proved by the amended pleadings (CPLR 203, subd [e]). The original pleading herein amply sets forth the basis for the alleged overassessment and the fact of the application and denial. As such, Special Term properly allowed plaintiff to amend its pleadings so as to seek relief under CPLR article 78 as aforesaid.

The order should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.