■ ELLIOTT H. PRESS et al., Respondents, v COUNTY OF MONROE et al. Appellants.—Order reversed, without costs, motion granted and complaint dismissed. Memorandum: Defendants appeal from an order denying their motion to dismiss plaintiffs' complaint and directing an immediate trial of the issues pursuant to CPLR 3211 (subd [c]). Plaintiffs are the owners of 135 garden apartments located in the Town of Gates and within the boundaries of defendant sewer district. In their action for a declaratory judgment commenced on June 28, 1978 plaintiffs challenge the validity of the sewer assessments (adopted by the Monroe County Legislature pursuant to County Law, § 271) for the years 1973, 1975 and 1976 as applied to their apartments. In particular, plaintiffs attack the assessments as discriminatory and unconstitutional as based upon an unlawful classification in that, assertedly, residential structures such as plaintiffs' apartment complexes, containing four or more dwelling units are assessed, without rational basis, at a higher and more burdensome rate than residential structures containing one, two or three dwelling units. The structures containing four or more units are assessed on the basis of a flat dollar charge per unit unless the apartment complex consumes more than 60,000 gallons of water per equivalent unit per fiscal year. In that event, the particular apartment complex is assessed on the basis of a flat dollar charge per unit or a charge based on water consumption, whichever is higher. The structures containing less than four dwelling units are assessed on the basis of a dollar charge per unit regardless of the amount of water consumption. Defendants contend that plaintiffs' sole remedy to review the allegedly improper and unfair assessments was by

way of a certiorari proceeding commenced under CPLR article 78 and that the complaint must be dismissed because the proceeding (assuming that the declaratory judgment action is treated as an art 78 proceeding) was not commenced within four months after the adoption of the assessment rolls for the years in question (CPLR 217). We agree. Plaintiffs do not allege that the Monroe County Legislature acted beyond its power in adopting the assessments in question or employing the methods used (cf. *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 58, in which the claim was that the Buffalo Sewer Authority had acted wholly beyond its power in levying a tax in the guise of a "sewer rent"). Rather, plaintiffs challenge the rationality of the board's action in assessing the additional charge based on excess water consumption on apartments and other structures having more than four units when no such charge is placed on smaller residential structures. Plaintiffs' proper course was first to exhaust their administrative remedies by seeking a change or amendment in the rolls prior to the final adoption of the questioned assessment pursuant to section 271 of the County Law, by appearing and objecting at the public hearings and, if not successful, then to commence timely CPLR article 78 proceedings to review the actions of the board in each year. Plaintiffs may not challenge the assessments in the first instance in a judicial action for declaratory judgment without any showing that their administrative remedies have been exhausted (see *Watergate II Apts. v Buffalo Sewer Auth., supra,* pp 57-58; and see *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371). All concur, except Doerr and Moule, JJ., who dissent and vote to modify the order, in the following memorandum.

Doerr and Moule, JJ. (dissenting). We dissent and would permit a trial of the action. Plaintiffs allege that the adoption by the County Legislature of the special sewer assessments in question was a legislative enactment which denied them equal protection, making that act unconstitutional. Section 271 of the County Law provides for a public hearing to be held by the County Legislature before adoption of the assessment roll as proposed by the district, at which time objections can be heard and considered. The statute contains no provision for further review and no special Statute of Limitations (see *Matter of Kermani v Town Bd. of Town of Guilderland,* 47 AD2d 694, revd on other grounds 40 NY2d 854). There was no administrative remedy to pursue. In *Young Men's Christian Assn. v Rochester Pure Waters Dist.* (44 AD2d 219, affd 37 NY2d 371), we viewed with approval the conversion by Special Term of an article 78 proceeding to an action for declaratory judgment for the review of certain water pollution control charges. "Even where a statute expressly designates an article 78 proceeding as the sole route to relief from its invalid application, resort to another form of judicial scrutiny nevertheless may be had when the statute 'is alleged to be unconstitutional, by its terms or application, or where [it] is attacked as wholly inapplicable'." *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57-58; see, also, *Matter of First Nat. City Bank v City of New York Fin. Admin.,* 36 NY2d 87.) (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.