OPINION OF THE COURT
Arthur D. Spatt, J.
This motion by the defendants for an order granting summary judgment to the defendants dismissing the complaint based upon the affirmative defense of the Statute of Limitations (CPLR 217) is determined as set forth below.
This is an action by plaintiffs, owners of real property within the Village of Hempstead, for a declaratory judgment that the water rate structure passed by the Board of Trustees of the Village of Hempstead on October 16,1976, is void and ineffective and to restrain its enforcement. The action was commenced on September 6, 1977. The Village of Hempstead maintains and operates its own water supply system. Section 11-1118 of the Village Law provides: “The board of water commissioners shall establish a scale of rents for use of water, to be called ‘water rents’, and to be paid at such times and in such manner as the board may prescribe.”
The village does not have a board of water commissioners, and it alleges that these functions have been carried out by the board of trustees by simple resolution since the inception of the village water system. On October 16,1976, at a special meeting of the board of trustees, the existing *28 water rate was, by resolution, increased. The plaintiffs argue that the enactment of said water rate on October 16, 1976 was void and ineffective since notice and an opportunity to be heard by way of a hearing was not afforded to the residents.
An underlying issue in this action, therefore, is whether a resolution or a local law is necessary to alter the water rate structure in the Village of Hempstead.
Defendants’ sole argument on this motion is that the four-month Statute of Limitations of CPLR 217 is applicable to this declaratory judgment action inasmuch as the challenged determination could have been reviewed in a CPLR article 78 proceeding, and that such period has expired. In support of this contention, defendants rely upon the Court of Appeals decision in the case of Press v County of Monroe (50 NY2d 695).
In order to determine whether a particular declaratory judgment action should be governed by the six-year Statute of Limitations of CPLR 213 (subd 1) or by some other limitation period, it is necessary to identify the relationship out of which the claim arises and the relief sought. (Press v County of Monroe, supra; Solnick v Whalen, 49 NY2d 224, 229, 230.)
If it is found that the action for declaratory relief could have been brought by way of a proceeding for which a particular limitation is statutorily provided, then that period limits the time for the commencement of the declaratory judgment action (Press v County of Monroe, supra). In this case, defendants contend that plaintiffs could have moved to challenge the subject “resolution” by way of a CPLR article 78 proceeding.
Defendants’ reliance upon the Press case to support their argument for the application of CPLR 217, however, is misplaced. In Press, an action was brought for a judgment declaring invalid the assessment rolls of a sewer district as affirmed and adopted by the county legislature, pursuant to section 271 of the County Law, on the ground that the underlying rate schedule was unconstitutional.
The court affirmed the opinion of the Appellate Division (72 AD2d 915) dismissing the action as time barred, and held that review of the action taken by the county legisla *29 ture could have been sought by way of a CPLR article 78 proceeding with a four-month Statute of Limitations.
The court found the actions sought to be reviewed were not legislative for the following reason: “the action in each year was taken by adoption of a resolution, not enactment of a local law. No statutory provision was enacted; no action was taken which would have any carry-over effect beyond the particular assessment year. The underlying property classification plan to which plaintiffs direct their constitutional attack was not itself adopted or enacted; no repealer would have been required had the sewer district elected to change to another rate schedule in any following year.” (Press v County of Monroe, supra, pp 703-704; emphasis supplied.)
Unlike the actions of the Monroe County Legislature, the action by the Village of Hempstead, whether labeled a resolution or otherwise, completely altered the water rate structure for the entire village on a permanent basis.
The fixing of rates is deemed a legislative act, not subject to review by way of an article 78 proceeding. (Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 407; see, also, Solnick v Whalen, supra, at pp 231-232; 2 NY Jur 2d, Administrative Law, § 47.)
Accordingly, the period of limitations for this declaratory judgment action is governed by CPLR 213 (subd 1) and the action was timely commenced. The motion, therefore, is denied.