■ BOHDAN PIKAS et al., Respondents, v TOWN OF GRAND ISLAND, Appellant. (Appeal No. 1.) — Order unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: Petitioners Pikas and the owners of 14 other parcels of land in sewer district 4 in the Town of Grand Island brought CPLR article 78 proceeding to annul the special assessment imposed upon their properties by the Town Board to pay for the construction of a wastewater treatment plant and appurtenances. In their petition, they attack the formula adopted by the Town Board for assessing the properties benefited by the facility. This formula provides basically that 90% of the capital construction costs be apportioned among the properties on the basis of their land value assessments and 10% based on water consumption.

Petitioners argue that under the formula their properties are not being assessed for the cost of the improvement in just proportion to the benefit conferred as required by subdivision 2 of section 202 of the Town Law. They allege that their properties are "being burdened arbitrarily with a greater share of the cost because the assessed land value of our property * * * is higher than that of other parcels of real property in the District, and our parcels of real property * * * do not thereby benefit justly and proportionately more from said sewer system simply because the land valuation of our said property is higher, nor do other parcels of property in the District by reason of and in relation to their lower assessed valuation thereby benefit justly and proportionately less from the sewer system simply because the land valuation of those other parcels is lower." In support of their contentions, they submitted a schedule showing the land sizes, land assessments, and the special assessments of their properties located on East River Road and of 13 properties located on Harvey Road, a nearby street. These schedules show that the properties located on East River Road have higher land value assessments and, hence, higher sewer assessments than

properties of comparable size located on Harvey Road. Two petitioners who own unimproved property complain especially about a part of the formula that requires property owners who have sewer lines in front of their property to pay a front footage charge in lieu of the 10% charge based on water consumption. These two petitioners contend that it is unjust and arbitrary that they pay for the construction costs at the same rate as the owners of adjoining improved properties who are presently using the sewer system.

In its answer, the town admits all of the facts pleaded in the petition, but denies the conclusion that the assessments are arbitrary. It alleges that the method of assessment is a legislative determination made after long deliberation by the Town Board based upon studies prepared by consultants. Special Term held that the pleadings and accompanying affidavits raise questions of fact and referred the matter for an evidentiary hearing.

In our view, the pleadings and affidavits raise no question of fact since the town, in its answer, admits all of the facts contained in the petition. Taking all of the facts in the petition and supporting affidavits as true, we find that petitioners have failed to state a case and that the petition should be dismissed.

The difficulty in devising a formula for an assessment according to benefits was aptly stated in *People ex rel. Scott v Pitt* (169 NY 521, 528-529): "[I]n spite of all the precautions that the wit of man has ever been able to devise, taxation cannot be made to operate equally or justly upon every individual. Whatever rule or principle is adopted for the distribution of the burden there will still be cases where one man pays more and another less than his share * * * It may be that the sewer was a greater benefit to one than to another, but objections of this character could be made whatever principle was adopted."

We must start with the strong presumption that the assessments were valid, placing upon the petitioners the burden of establishing their invalidity by affirmative proof (see *Matter of Nolan v Bureau of Assessors,* 31 NY2d 90, 95-96; *Matter of Haskell v Fisk,* 273 App Div 153, 157). In levying assessments for sewer improvements, there is nothing inherently improper with relating the amount of benefits received to land values. "Historically, a special benefit assessment was imposed on land only. Such levies were upheld on the theory that the special benefit assessment be commensurate to the benefit received, and that the benefit from a public improvement project accrues to the land itself. See Rosewater, Special Assessments, pp. 105, 132, 134." (*Robertson v City of Danville,* 291 SW2d 816, 819-820 [Ky].) Thus, statutes providing for the assessment of benefits on

the basis of assessed land values have been upheld in other States (*Robertson v City of Danville, supra; Matter of Justices,* 261 Mass 556; *Ransom v Minick,* 92 Kan 953).

The petitioners with improved properties allege, in substance, that the Town Board acted arbitrarily in adopting the formula based upon assessed land values because their properties do not benefit more than other properties with lower assessed land values. The only facts they submit in support of this conclusion are that certain other properties of comparable land size in the district have lower land assessments and thus bear a proportionately smaller share of the costs of the improvement. This proof is insufficient to overcome the presumption of validity. Size of the land is not necessarily a measure of the benefit derived from a sewer improvement. Generally, more valuable lands are those that can be developed to more valuable uses. While size of the land may be one of the factors in determining value, other factors, particularly neighborhood influence, may have a greater effect (see AIA, Appraisal of Real Estate [5th ed], pp 88-89, emphasizing the effect upon value of matters such as the appearance of surrounding properties, topographical conditions, and the presence of geographical features, such as a river).

Since the construction of the sewer treatment plant permits the residential uses in district 4 to continue, it is not irrational to assume that the plant benefits more valuable properties to a greater degree than those of lesser value, regardless of the size of the land. Thus, by attempting to relate benefit solely to the size of the land, the petitioners owning developed properties have not sustained their burden of stating facts showing that the cost of the sewer system was not apportioned on the basis of benefit conferred (see *Matter of Kermani v Town Bd.,* 40 NY2d 854).

The two petitioners owning unimproved lands have also failed to sustain their burden. It is not necessarily true that their undeveloped lands have not benefited from the treatment plant to the same degree as otherwise comparable but developed lands. Sewers extend in front of petitioners' lands making the sewer treatment plant available whenever petitioners decide to build. "The sewer waits without change," but the use of the property may increase or diminish at the option of the owner (*City of Ithaca v Babcock,* 72 App Div 260, 267). Undoubtedly, petitioners have received a benefit and it cannot be said that their benefit is not as great as that of owners of developed lands, for should they build soon after the sewer treatment plant is completed; they will derive as much benefit as owners of presently developed properties.

The Court of Appeals has inferentially held that it is not necessarily improper to assess a vacant lot in the same proportion as an improved lot (see *Matter of Kermani v Town Bd.,* 40 NY2d 854, *supra,* revg 47 AD2d 694). There, the Appellate Division annulled a sewer levy that resulted in assessing vacant lands to the same extent as improved lands, stating, "It is erroneous, unjust and inequitable, however, to assess a vacant lot an equal amount with an improved lot, merely because the former could possibly be developed as a residential subdivision sometime in the future. The vacant lot is not benefited to the same extent as the lot which is already built upon" (47 AD2d 694, 695, *supra*). The Court of Appeals apparently disagreed with this statement since, in reversing the order of the Appellate Division, it held that the petitioner had not met its burden of overcoming the presumption of validity of the sewer assessment. Likewise, the petitioners in this proceeding have failed to meet their burden. (Appeal from order of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.