■ MARINE MIDLAND BANK, N. A., et al., Respondents, v TOWN BOARD OF THE TOWN OF GRAND ISLAND, Appellant. (Appeal No. 2.) — Order unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: This is a companion case to *Pikas v Town of Grand Is.* (106 AD2d 887). Petitioners own 25 parcels of land in sewer district No. 4, consisting of 800 acres of unimproved lands and two lots containing single-family residences. The unimproved lands do not front upon sewer lines nor are sewers immediately available. The formula adopted by the Town Board provides that 90% of capital construction costs of the sewer treatment plant shall be apportioned against the assessed land value of lands within the district and 10% according to water consumption. Since sewers were not presently available to petitioners' property, petitioners were not responsible for the portion of the cost based on water consumption.

Petitioners allege that the Town Board has adopted and imposed upon petitioners' properties a formula which is arbitrary and capricious in that the assessments do not fairly and justly represent the proportionate benefit, if any, that the treatment plant has conferred upon their properties.

In support of these allegations, petitioners submitted an affidavit stating that the formula is clearly inequitable because respondent assumed that petitioners' properties have benefited merely because of the assessed land valuation of the properties; that assessed land valuation is totally unrelated to the proportionate benefit, if any, conferred by the sewer facilities; that the

town's formula operates to assess petitioners' properties for sewer improvements to the same extent as properties that front on a sewer line when, in fact, petitioners' properties are removed from a sewer line; that "it stands to reason that a vacant lot fronting or abutting a sewer line is in a superior position, enjoys a greater benefit and should bear a greater proportion of the assessment"; and that the town has ignored the improvements which have been constructed in the sewer district which would enjoy a present benefit. Petitioners also submitted an affidavit of a real estate appraiser stating his opinion that petitioners' properties derive no benefit from the treatment plant.

For the reasons stated in the memorandum in *Pikas v Town of Grand Is.* (*supra*), we reject petitioners' contention that the formula is inherently inequitable because it applies equally to improved and unimproved properties. We also reject petitioners' argument that the formula is inherently inequitable since it makes no distinction between properties that front upon the sewer and those that do not. It is not accurate to say, as petitioners allege, that the town's formula treats properties equally without regard to distance from the sewers. First, properties that front upon sewers are required to pay on the basis of 100% of the capital costs of the treatment plant, whereas properties that do not are required to pay on the basis of only 90%. Moreover, the value of vacant land may be influenced in part by its proximity to sewer improvements. Lands in the sewer district that do not have sewers presently available to them may, by reason of that fact, be of lesser value, with lower land assessments, and thus may pay a smaller share of the cost of the sewer treatment plant than lands adjacent to a sewer line.

The opinion of the appraiser that petitioners' properties derive no benefit from the property is insufficient to invalidate the assessments. Unless it can be said as a matter of law that the improvement will not, under any circumstance, increase the value of the property deemed benefited, the determination of the Town Board to assess the property is conclusive (see *Matter of Wright v Town Bd.*, 41 AD2d 290, 295, affd on opn below 33 NY2d 977; 55 NY Jur, Special Assessments, § 23). "All lands within the district ultimately may be connected with some portion of the sewer and we cannot say they derive no benefits therefrom" (*Valley Farms Co. v Westchester*, 261 US 155, 164, affg 231 NY 558).

We conclude that petitioners have failed to present affirmative proof to overcome the presumption of validity of the assessment; accordingly, the petition is dismissed. (Appeal from order of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.