■ ANTHONY R. FLORECK, as Commissioner of Finance for the County of Onondaga, Respondent, v CITIBANK (CENTRAL), N. A., Appellant. RAYMOND A. BANACH, as Commissioner of Finance for the County of Onondaga, Respondent, v CITIBANK (CENTRAL), N. A., Appellant.—Judgment affirmed, with costs. Memorandum: Defendant, as fee owner of property in Onondaga County, may be sued personally by the county for its failure to pay taxes and special assessment for the years 1980, 1982 and 1983 (Onondaga County Tax Law § 13, L 1937, ch 690, as amended). Further, from the present record we agree with Trial Term that neither the special assessment nor the agreement was illegal and that defendant failed to overcome the presumption of the validity of the assessment *(Pikas v*

*Town of Grand Is.,* 106 AD2d 887; *Marine Midland Bank v Town Bd.,* 106 AD2d 890).

Defendant now contends that the county's action for a personal judgment for taxes for the years 1980, 1982, and 1983 is barred by its purchase of tax sale certificates in prior years. As the issue was not raised in the pleadings or at trial on stipulated facts, it may not be asserted here in the first instance *(Lyons v Quandt,* 91 AD2d 709; *Arnold v New City Condominiums Corp.,* 88 AD2d 578; *Matter of Van Wormer v Leversee,* 87 AD2d 942). Even if we were to address this issue, it is without merit as defendant has not been divested of title to the property so as to relieve it of its liability for taxes *(Young v Englestein,* 53 NY2d 973).

Additionally, while we agree with the dissenter's statement that defendant's liability for real property taxes for those years in which the county purchased tax sale certificates would normally be extinguished, defendant herein stipulated its willingness to pay those taxes. Based on that stipulation Trial Term did not err in granting a personal judgment against defendant for those undisputed taxes.

All concur, except Callahan, J., who dissents and votes to hold the case, reserve decision, and remit the matter for further proceedings, in accordance with the following memorandum.

Callahan, J. (dissenting.) I would reserve decision and remit for a hearing. Although presented with stipulated facts upon which to resolve the issue of the special sewer district assessments, the court should not have ignored the standing of the plaintiff. The record indicates that prior to its determination, the court was informed that plaintiffs had purchased tax sale certificates for the years 1977, 1978 and 1979. Since the plaintiff held outstanding tax sale certificates from prior years on the subject property, a civil action against defendant was precluded *(Village of Spring Val. v Empire Natl. Bank,* 72 AD2d 582).

Clearly the order appealed from is in error when it directs plaintiffs recover from defendant an amount due for unpaid taxes for the years 1977, 1978, 1979, 1981 and 1984. The complaints seek unpaid taxes for the years 1980, 1982 and 1983 only. Furthermore, the acquisition of tax sale certificates by the plaintiffs for the years 1977, 1978 and 1979 extinguished defendant's liability for those delinquent years *(City of Buffalo v Cargill, Inc.,* 44 NY2d 7; *Matter of Ueck,* 286 NY 1; *Matter of Wood,* 187 Misc 972, *affd* 273 App Div 937).

The personal liability of this taxpayer may well have expired. "[W]hen a taxing district acquires its own tax sale certificate following a sale held pursuant to statute, the personal liability of the taxpayer has been extinguished" *(Canino v Engelstein,* 43 NY2d 922, 923). The record, however, is not sufficient for us to make such determination. Pursuant to Onondaga County Tax Law § 8, a taxpayer has but three years to redeem after the sale and the purchase of the tax certificates "and not thereafter". The record does not reveal when the county purchased the certificates or other relevant facts pertaining to the acquisition by the county of tax certificates for the years prior to commencement of the actions herein. The matter should, therefore, be remitted for a hearing to establish when the certificates were purchased and when the period of redemption expired as it would, in my view, be unjust to impose judgment where none should be. Furthermore, it seems contrary to the public policy of this State for a taxing district to obtain a money judgment for delinquent taxes and take the land for unpaid taxes. We should not permit this to occur. (Appeal from judgment of Supreme Court, Onondaga County, Miller, J.—recover real property taxes.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.