■ In the Matter of BERNARD HOROWITZ et al., Respondents, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF MONROE et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a special assessment imposed upon the petitioners' property for the year 1985, the Town of Monroe and the Board of Assessment Review of the Town of Monroe appeal from an order of the Supreme Court, Orange County (Marbach, J.), dated November 26, 1985, which denied their motion to dismiss the proceeding upon the grounds that the petition failed to state facts sufficient to entitle the petitioners to the relief requested and that the proceeding was time barred.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Rubin and leave to appeal is granted by Justice Rubin *(see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and that branch of the motion which was to dismiss the proceeding upon the ground it is barred by the applicable Statute of Limitations is granted, and the proceeding is dismissed.

On August 29, 1985, the petitioners commenced this proceeding to declare null and void a special assessment for the year 1985 imposed upon property within Sewer District No. 8 by the Town Board pursuant to Town Law § 231. Town Law § 239 provides that "[n]o action or proceeding shall be maintained to set aside, vacate, cancel, annul, review, reduce or otherwise test or affect the legality or validity of any such assessment unless such action or proceeding shall be commenced within thirty days after the said final assessment-roll shall have been affirmed". For the special assessment at issue, the Town Board affirmed the special assessment roll on November 19, 1984. Since the petition seeks relief with respect to the special assessment imposed upon the petitioners' property for the year 1985 and not with respect to the general assessment roll filed on August 1, 1985, the applicable Statute of Limitations is set forth in Town Law § 239 and not Real Property Tax Law § 702 (2). Consequently, the proceeding was time barred, having been brought on August 29, 1985, and not within 30 days of November 19, 1984, when the special assessment roll was affirmed by the Town Board (see, Matter of Kermani v Town Bd., 47 AD2d 694, appeal dismissed 36 NY2d 840, revd on other grounds 40 NY2d 854; cf., Saggolf Corp. v Town Bd., 63 AD2d 428). Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.