■ In the Matter of GARDEN HOMES WOODLANDS COMPANY, Respondent, v TOWN OF BEEKMAN et al., Appellants. (Proceeding No. 1.) In the Matter of GARDEN HOMES WOODLANDS COMPANY, Respondent, v TOWN OF BEEKMAN, Appellant. (Proceeding No. 2.) [712 NYS2d 166] —In related proceedings pursuant to CPLR article 78 to review determinations of the Town of Beekman dated November 18, 1998, and December 7, 1998, respectively, which, after a hearing, levied special assessments against the petitioner, the appeal is from (1) an order of the Supreme Court, Dutchess County (LaCava, J.), entered March 23, 1999, which annulled the determinations and remitted the matter to the respondents for new determinations, and (2) so much of an order of the same court dated September 30, 1999, as, upon reargument and renewal, adhered to the prior order.

Ordered that on the Court's own motion, the notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order entered March 23, 1999, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 30, 1999, made upon reargument; and it is further,

Ordered that the order dated September 30, 1999, is reversed insofar as appealed from, on the law, the determinations are confirmed, the proceeding is dismissed on the merits, and the order entered March 23, 1999, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

Special assessments are presumed to be valid, regular, and legal, and the burden of rebutting that presumption falls upon the landowner by demonstrating that the properties assessed are not in fact benefitted (*see, Matter of New York State Dormitory Auth. v Board of Trustees*, 86 NY2d 72; *Matter of Calm Lake Dev. v Town Bd.*, 213 AD2d 979; *Matter of Pokoik v Incorporated Vil. of Ocean Beach*, 143 AD2d 1021). The petitioner failed to meet this burden. Specifically, the petitioner did not demonstrate that, as a matter of law, its properties derived no benefit from the improvement and that the amounts of the special assessments levied against it were improper. The opinion of an appraiser in this regard was insufficient, and the mere fact that the cost of the improvement necessitating the assessments is not equally borne among property owners is not sufficient to invalidate the assessment. Accordingly, the Supreme Court erred in annulling the determinations levying the assessments (*see, Marine Midland Bank v Town Bd.*, 106 AD2d 890; *Pikas v Town of Grand Is.*, 106 AD2d 887). O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.