In the Matter of MARY E. CARRIERO et al., Respondents, v TOWN BOARD OF THE TOWN OF STILLWATER et al., Appellants. [899 NYS2d 452]—

Spain, J. Appeals (1) from a judgment of the Supreme Court (Ferradino, J.), entered February 13, 2009 in Saratoga County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents setting water assessments for certain of petitioners' properties, and (2) from an order of said court, entered June 16, 2009 in Saratoga County, which denied respondents' motion for reconsideration.

Petitioners own large, unimproved portions of real property in the Town of Stillwater, Saratoga County, within a water district created in 2004 by respondent Town Board of the Town of Stillwater. To fund the capital improvements necessary for the construction of the water distribution infrastructure, the Board levied a "benefit assessment" against property owners within the district allegedly proportionate to the benefit each parcel of land derived from the new water system. Petitioners

thereafter commenced this CPLR article 78 proceeding challenging the benefit assessment. Supreme Court partially granted petitioners relief,[1] finding that the Town had taxed unimproved parcels disproportionately to their benefit. Respondents unsuccessfully moved to reargue/renew. Respondents now appeal from both the judgment partially granting the petition and the order denying the motion to reargue/renew.

The Board's determination of the benefit assessment should not be overturned by a court so long as it has a rational basis and is not so arbitrary and capricious "as to amount to a confiscation of petitioners' property" (*Matter of Palmer v Town of Kirkwood*, 288 AD2d 540, 542 [2001]; *see* CPLR 7803 [3]). Here, we conclude that the Board provided a rational basis for its benefit assessment.

Specifically, the record reflects that the Board commissioned the Town Engineer to formulate a Map, Plan and Report (hereinafter MPR) for the construction and operation of a private water system. After examination of the MPR and consideration of public feedback, the proposed benefit assessment was adopted. The benefit assessment is calculated by a formula which assigns to different categories of land corresponding "benefit units" depending on the extent to which the property would be benefitted by the sewer and water system. The charge per benefit unit is then calculated by dividing the estimated annual cost of the project by the total number of benefit units for the proposed service area. Parcels of two acres or less are assigned one benefit unit, with 0.3 benefit units added for each additional acre, regardless of whether the parcel is vacant or improved by a single-family residence.[2]

Petitioners argue that the assessment of vacant land at the same rate as improved land is arbitrary and capricious. It is well settled that even property that has no current use for sewer services can be deemed benefitted by the improvement and, once so deemed, must be assessed benefit units (*see Matter of Palmer v Town of Kirkwood*, 288 AD2d at 542; *Matter of Schulz v New York State Legislature*, 230 AD2d 578, 583 [1997], *lv denied* 95 NY2d 769 [2000]; *Baglivi v Town of Highlands*, 147

---

1. The petition also challenged the Town's creation of a separate water district in 2002. Originally, Supreme Court dismissed the entire petition as untimely but, on appeal, this Court upheld the dismissal of that part of the petition relating to the water district created in 2002, but remitted the claims regarding the water district at issue here (*Matter of Carriero v Town Bd. of Town of Stillwater*, 41 AD3d 1011 [2007], *lv dismissed and denied* 9 NY3d 980 [2007], *lv dismissed* 12 NY3d 838 [2009]).

2. Multi-family dwellings were assessed one benefit unit per apartment.

AD2d 432, 432 [1989]). Further, in a similar situation where owners of unimproved parcels were assessed in connection with the construction of a wastewater treatment plant, persuasive authority states that "it cannot be said that their benefit is not as great as that of owners of developed lands, for should they build soon after the sewer treatment plant is completed, they will derive as much benefit as owners of presently developed properties" (*Pikas v Town of Grand Is.*, 106 AD2d 887, 889 [1984]; *see Matter of Kermani v Town Bd. of Town of Guilderland*, 40 NY2d 854, 855 [1976], *revg* 47 AD2d 694, 695 [1975] [The Court of Appeals reversed this Court's holding that "(i)t is erroneous, unjust and inequitable . . . to assess a vacant lot an equal amount with an improved lot, merely because the former could possibly be developed as a residential subdivision sometime in the future"]). We are unpersuaded by petitioners' contention that this Court's decision in *Matter of Klock* (30 App Div 24 [1898]) compels a contrary result. Although there we stated that it was inequitable "to assess the vacant lot an equal amount with the lot built upon" (*id.* at 40-41), we later made clear that the holding in *Klock* should not be extended beyond the facts of that case and, indeed, that "the market value of a vacant building lot would be enhanced in precisely the same amount as would that of a lot with a dwelling house upon it having the same frontage" (*City of Ithaca v Babcock*, 72 App Div 260, 268 [1902]; *see Matter of Kermani v Town Bd. of Town of Guilderland*, 40 NY2d at 855).

Hence, to the extent that petitioners assert that any benefit assessment that equally assesses improved and unimproved parcels is arbitrary, it is contrary to our precedents. Petitioners also rely on an expert affidavit of an engineer who opined that the benefit assessment created an inequitable system where, for example, a single-family residence situated on a large parcel of land would incur a higher rate than a single-family residence situated on a smaller parcel of land despite the fact that both imposed a similar burden on the water system. The Board's determination, however, is supported by the opinion of the Town Engineer who explained that larger parcels were properly taxed more because the potential benefit derived from the new water system was greater as it provided new opportunities for development.

To the extent that petitioners assert that the benefit assessment is arbitrary as applied to them because their property is not fit for development, we note that those properties zoned for agriculture or conservation are entitled to reduced rates. Further, the record supports respondents' assertions that the Board

will perform an annual review to appropriately adjust the benefit unit for properties that are subdivided, obtain easements, or otherwise require readjustment. In sum, although petitioners' arguments reveal potential injustices in the system adopted, we must be mindful that "[w]here only an approximation of cost or value is possible, discrepancies may have to be endured in the name of administrative flexibility so long as there exists some rational underpinning for the charges levied" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 59 [1978]; *see Matter of Hull v Town of Warrensburg*, 207 AD2d 37, 39-40 [1994]). As "[t]he law requires a rational basis . . . rather than mathematical exactitude" (*Matter of Hull v Town of Warrensburg*, 207 AD2d at 40), we hold that the Board's determination must stand.

In light of our holding, it is unnecessary to address respondents' contention that the motion to renew was improperly denied. We have considered petitioners' remaining contentions and find them to be unavailing.

Cardona, P.J., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioners' application; application dismissed in its entirety; and, as so modified, affirmed. Ordered that the appeal from the order is dismissed, as academic, without costs.