# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**242**
**CA 16-01420**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF BETHLEHEM STEEL CORPORATION,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

COUNTY OF ERIE AND ERIE COUNTY SEWER DISTRICT
NO. 6, RESPONDENTS-RESPONDENTS.

---

PHILLIPS LYTLE LLP, BUFFALO (CRAIG A. LESLIE OF COUNSEL), FOR
PETITIONER-APPELLANT.

HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October
30, 2015 in CPLR article 78 proceedings.  The judgment granted the
motion of respondents for leave to amend their answers and for summary
judgment and denied the motion of petitioner for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the first decretal
paragraph and denying that part of respondents' motion for leave to
amend their answers and as modified the judgment is affirmed without
costs.

Memorandum:  Petitioner commenced these consolidated CPLR article
78 proceedings in the years 2002-2006 and 2008-2015 challenging the
sanitary sewer assessments for its 1,000-acre property located in
sewer district No. 6, operated by respondents.  Petitioner alleges
that the assessments are arbitrary and capricious and without a
rational basis insofar as they include a "parcel charge," and that
they are in violation of petitioner's substantive due process and
equal protection rights.  As a preliminary matter, we agree with
petitioner that Supreme Court abused its discretion in granting that
part of respondents' motion seeking leave to amend their answers to
allege additional affirmative defenses where, as here, there was an
extended delay in moving to amend the answers and a failure on the
part of respondents to establish a reasonable excuse for the delay
(*see generally Webber v Webber*, 145 AD3d 1499, 1503; *Jablonski v
County of Erie*, 286 AD2d 927, 928).  We therefore modify the judgment
accordingly.

Disregarding respondents' amended answers, we nevertheless reject

petitioner's contention that the court erred in granting that part of respondents' motion seeking summary judgment dismissing the petitions and denying its motion for summary judgment seeking a reduction in the respective assessments and a corresponding refund of payments.  It is undisputed that, when petitioner announced that it was closing its steel production plant, the City of Lackawanna faced severe financial difficulties, in part due to the approximately $10 million debt that was incurred in upgrading its sewer infrastructure.  A plan was developed whereby respondent County of Erie (County) would take over the sewer operations and create a new district as a benefit assessment district, respondent Erie County Sewer District No. 6 (District), which was defined by the Lackawanna city limits.

In order to fund the related costs and debt, a three-part formula was developed to determine the amount each property owner would be assessed for sanitary sewer benefits.  Two of the three components of the formula are not at issue, i.e., the use charge and the valuation charge based on the assessed value of each property.  At issue here is the third component:  the parcel charge, a benefit charge that varies depending on the nature and size of the property.  All residential properties are assessed one parcel charge, regardless of size.  All nonresidential properties less than one acre also are assessed one parcel charge.  The remaining nonresidential properties, of which there are approximately 180, are assessed five parcel charges per acre, known as the "five times multiplier."  Respondents' employee explained in a deposition that the five times multiplier was developed because approximately 60% of an acre can be developed for residential use and the remaining 40% is comprised of rights-of-way.  He explained that the average residential parcel size is 4,800 square feet, and thus "60 percent of one acre would be the equivalent of about five times 4,800 square feet."  He explained that the nonresidential property owners whose property exceeds one acre were treated as having the most benefit from the system because the system can accommodate any future development on the property.

It is well established that "[t]here is a presumption of validity to the assessments requiring petitioners to show by affirmative proof that they have not benefited from the improvement or that it is nonassessable in the first instance" (*Matter of Nolan v Bureau of Assessors of N.Y. City Fin. Admin.*, 31 NY2d 90, 93, *remittitur amended* 31 NY2d 696, *rearg denied* 31 NY2d 1059; *see Pikas v Town of Grand Is.*, 106 AD2d 887, 888-889).  Furthermore, "[i]t is well settled that even property that has no current use for sewer services can be deemed [benefited] by the improvement" (*Matter of Carriero v Town Bd. of the Town of Stillwater*, 72 AD3d 1479, 1480).  We conclude that respondents established their entitlement to judgment that the parcel charge has a rational basis, is not arbitrary and capricious and does not violate petitioner's constitutional rights, and that petitioner failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We conclude that there is a "rational basis for [the] legislative classification" inasmuch as larger nonresidential properties have the most potential for future development and increased use of the system

(*Arcuri v Village of Remsen*, 202 AD2d 991, 992).  We further conclude that "there is nothing inherently improper with relating the amount of benefits received to [acreage]" (*Pikas*, 106 AD2d at 888), and that respondents established that the parcel charge, including the five times multiplier, is a rational, nonarbitrary manner in which to apportion the sewer costs in the District (*see generally Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 61).  We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court